STATE OF MINNESOTA *vs.* JOHN M. SAUER.

May 25, 1888.

Criminal Law—Instructions—Reasonable Doubt.—An instruction to the jury that a reasonable doubt of the prisoner's guilt means a doubt "for which you can give a reason," criticised.

Same—Effect of Proof of Good Character.—The good character of a prisoner, when proved, is itself a fact in the case, and is to be considered by the jury in connection with all the other evidence, in determining whether they are satisfied of his guilt beyond a reasonable doubt. *Held* error, therefore, to instruct them "that good character may have its weight in a doubtful case; and it may have its weight in any case to this extent: that, if there is a question of doubt, it may determine the matter in his

favor;" the effect of it being to instruct the jury that evidence of good character is not to be considered at all, unless the other evidence in the case, considered by itself, leaves a doubt in their minds as to the defendant's guilt.

Appeal by defendant from a judgment of the district court for Hennepin county, and from an order of *Hicks,* J., refusing a new trial.

*Merrick & Merrick,* for appellant.

*Moses E. Clapp,* Attorney General, and *F. F. Davis,* for the State.

MITCHELL, J. The defendant was convicted of the crime of an assault in the second degree. In his charge to the jury, the court, after instructing them that, to entitle the state to a verdict, the guilt of defendant must be proved beyond a reasonable doubt, added: "This does not mean beyond any doubt, but beyond a doubt *for which you can give a reason.*" This is assigned as error. This definition is not without some authority to support it, (see *Com* v. *Harman,* 4 Pa. St. 269, 274;) and we are not prepared to say that it contains any error prejudicial to defendant. Like many other definitions of the term which have been given, it does not define, but itself requires definition. The most serious objection to it is that it is liable to be understood as meaning a doubt for which a juror could express or state a reason in words. A juror may, after a consideration and comparison of all the evidence, feel a reasonable doubt as to the guilt of a defendant, and yet find it difficult to state the reason for the doubt. The term "reasonable doubt" is almost incapable of any definition which will add much to what the words themselves imply. In fact it is easier to state what it is not than what it is; and it may be doubted whether any attempt to define it will not be more likely to confuse than to enlighten a jury. A man is the best judge of his own feelings, and he knows for himself whether he doubts better than any one else can tell him. Where any explanation of what is meant by a reasonable doubt is required, it is safer to adopt some definition which has already received the general approval of the authorities, especially those in our own state.

2. The defendant introduced evidence of his good character in the trait involved in the charge made against him. On this point the

court charged the jury that "good character may have its weight in a doubtful case, and it may have its weight in any case to this extent: that it may determine perhaps, if there is a question of doubt, it may determine the matter in his favor." While this language is a little obscure, we think its evident meaning, and the one which the jury would naturally place upon it, is that evidence of good character is not to be considered at all, unless the other evidence in the case, considered by itself, leaves a doubt upon the minds of the jury as to defendant's guilt; in short, that such evidence may be used to solve such a doubt, but not to establish it. Such a rule practically deprives a defendant of all benefit of evidence of his good character; for if, on the other evidence, there is a reasonable doubt, he is entitled to an acquittal without it; and, in a case not otherwise doubtful, where alone he needs the evidence for the purpose of making it doubtful, he is denied the benefit of it. Evidence of good character is admissible to support the original presumption of innocence, and is to go to the jury, and be considered by them, in connection with all the other evidence in the case. If they are satisfied of his guilt beyond a reasonable doubt, they must find him guilty, notwithstanding his previous good character; on the other hand, if, after considering all the evidence, (that of good character included,) they have a reasonable doubt, they must acquit. Good character is a fact varying greatly in its value, according to the proofs to which it is opposed. Cases may be made out so strong that no proof of character can make them doubtful; while in others the evidence against a person might be such that evidence of good character would produce a reasonable doubt of his guilt. Good character, when proved, is a fact in the case that may tend, in a greater or less degree, to establish innocence; and it is not to be put to one side by the jury in order first to ascertain whether the other evidence, considered by itself, does not establish guilt beyond a reasonable doubt.

For this error in the charge the verdict is set aside, and a new trial ordered.