STATE OF MINNESOTA v. WILLIAM F. HOLMES.[1]

June 19, 1896.

Nos. 10,048—(57).

**Embezzlement—Indictment under G. S. § 7262—Evidence of Acts Previous to Time Alleged.**

Under an indictment for statutory larceny or embezzlement in the general form authorized by G. S. 1894, § 7262, the state may prove any and all acts of embezzlement by the defendant in the same employment committed within six months next after the time stated in the indictment; and the defendant may be convicted of the whole. But, under such an indictment, evidence of acts of embezzlement committed prior to the time stated in the indictment is inadmissible as evidence of the substantive offense. It would only be admissible, if at all, for a collateral purpose; for example, showing the intent with which the acts relied on, as constituting the substantive offense, were committed.

**Same—Indictment not under section 7262.**

But section 7262 is permissive, and not mandatory; and if the state elects to waive its benefits, and to frame an indictment which is sufficient, and

[1] Reported in 68 N. W. 11.

limit itself to evidence which is admissible, irrespective of the provisions of the section, the six-months limitation will not apply, and the indictment can be sustained by evidence of an act of embezzlement committed prior to the time stated therein.

### Evidence—Good Character of Defendant—Charge.

The charge of the court as to the effect of evidence of defendant's good character *held* erroneous, because in effect instructing the jury that such evidence is only to be considered when the other evidence leaves a doubt in their minds of the defendant's guilt.

### Failure of Defendant to Testify—Comment by County Attorney—G. S. 1894, § 5658.

A remark of the county attorney during his argument to the jury *held* to amount to an allusion to the fact that the defendant did not testify, which is prohibited by G. S. 1894, § 5658.

Appeal by defendant from an order of the district court for Wabasha county, Gould, J., denying a motion for a new trial. Reversed.

The eleventh assignment of error, referred to in the opinion, was as follows: "The court erred in instructing the jury as follows: 'And if his intent was to appropriate it to his own use, then he would be guilty, although he did not intend to defraud the bank.'"

*H. D. Stocker*, *F. M. Wilson*, *J. F. McGovern*, and *H. W. Morgan*, for appellant.

*H. W. Childs*, Attorney General, *George B. Edgerton*, and *John H. Mullen*, County Attorney, for respondent.

MITCHELL, J. The defendant was indicted, tried, and convicted of the crime of larceny (embezzlement), as defined by G. S. 1894, § 6709, subd. 2.

The indictment alleged that the defendant, on June 29, 1895, being the president of the Merchants Bank of Lake City, and, as such, having in his possession, custody, and control—

"A certain sum of money, to wit, nine thousand dollars, in lawful, current, and genuine money of the United States of America, then and there of the value of nine thousand dollars, a more particular description of which said money being to the grand jury unknown, and all of which said money and personal property was then and there the money and personal property of and belonging to said The Merchants Bank, * * * did, then and there wilfully, unlawfully, wrongfully, knowingly, and feloniously appropriate the money aforesaid, and the whole thereof, to his own use, with the intent then and there by him * * * to defraud," etc.

Upon the trial, the state, against objection and exception, introduced, as proof of the substantive offense charged, evidence tending to show that on June 29, 1894, the defendant unlawfully and feloniously appropriated to his own use $5,000 of the money of the bank, which was in his custody and control as president of the bank. The manner in which the evidence tended to show that the act was committed was as follows: Defendant, having an open deposit account with the bank, but which was already overdrawn, drew his check for $5,000, payable to the bank, on another bank, at Casselton, North Dakota, in which he had no funds to meet it; placed it among the securities or cash items of the Merchants Bank of Lake City, where it was allowed to remain; charged the account of the Casselton bank with the amount, so as to make it appear that it owed the Lake City bank that amount; then he credited his own account with $5,000, as if he had deposited that amount; and then, on the same day, drew his checks on the Lake City bank, on which he drew out and appropriated to his own use the moneys of the bank to the full amount of this fictitious deposit of $5,000. It was on this transaction, as constituting the substantive offense charged, that defendant was convicted of larceny of $5,000.

1. The first point made by the defendant is that evidence of an act of embezzlement committed prior to the time stated in the indictment was inadmissible as evidence of the substantive offense charged, or, otherwise expressed, that the indictment could not be sustained by evidence of acts committed before the time stated. This contention is predicated upon the provisions of G. S. 1894, § 7262, which reads as follows:

"In any prosecution for the offense of embezzling the money, bank notes, checks, drafts, bills of exchange, or other security for money, of any person, by a clerk, agent or servant of such person, it shall be sufficient to allege generally in the indictment an embezzlement of money to a certain amount without specifying any particulars of such embezzlement, and on the trial evidence may be given of any such embezzlement committed within six months next after the time stated in the indictment; and it shall be sufficient to maintain the charge in the indictment, and shall not be deemed a variance, if it is proved that any money, bank note, check, draft, bill of exchange, or other security for money, of such person, of whatever amount, was fraudulently embezzled by such clerk, agent or servant within the said period of six months."

If the provisions of this section govern this case, their language would seem to be decisive in favor of defendant's contention. While statutes having the same general purpose are numerous, this particular one was enacted over 60 years ago, in Massachusetts,[2] whence it was borrowed by Michigan,[3] from which it was inherited by Wisconsin,[4] from which it was, in turn, inherited by Minnesota.[5] For its early history, see Commonwealth v. Wyman, 8 Metc. (Mass.) 247.

An element that enters into the definition of embezzlement is the fiduciary and confidential relation between the owner and the custodian of the property. This relation affords the amplest opportunity to misappropriate money, funds, and securities, and often presents great difficulty in proving exactly when and how it was done, or the precise description of the property misappropriated. Embezzlement in such cases very often consists of a series of acts running through a considerable period of time. These separate acts, and the amount and description of the property misappropriated at any one time, may not be susceptible of direct proof, while the aggregate result is. The body of the crime consists of this series of acts done by virtue of the fiduciary relation between the employer and the employé, all of which virtually constitute a continuing breach of trust. Prior to this statute, conviction was often difficult, if not impossible. Moreover, if the state was compelled to elect to rely on a single one of this series of acts as constituting the substantive offense, it would often be difficult to secure a conviction adequate to the offense actually committed, if the defendant, although embezzling thousands in the aggregate, had used the precaution to take only a small sum at any one time.

The statute was enacted to avoid these difficulties—First, by authorizing this general form of indictment; second, by permitting this liberality of proof as to the description of the property; and, third, by permitting a conviction of the aggregate amount embezzled by a series of acts from the same employer.

So far the provisions of the act operate in favor of the prosecution. But, under the common law and general statutory rule as to time, the state, unless otherwise limited, could prove a series of acts ex-

---

2 Rev. St. 1836, c. 133, § 10.  4 Rev. St. 1849, c. 141, § 10.
3 Rev. St. 1838, pt. 4, tit. 1, c. 11, § 10.  5 Rev. St. 1851, c. 109, § 10.

tending as far back as the statute of limitations would permit, and down to the date of finding the indictment. This might work an injustice to the defendant. Hence, in view of the latitude in pleading and proof allowed the state, a limitation as to time was imposed for the protection of the defendant, viz. that proof of the substantive offense shall be limited to acts committed within six months next after the time stated in the indictment. This creates an exception to the general rule stated in section 7244, that:

"The precise time at which the offense was committed need not be stated in the indictment, but may be alleged to have been committed at any time before the finding thereof, except where the time is a material ingredient in the offense."

The case falls within the familiar rule of statutory construction that when a general intention is expressed in a statute, and the act also expresses a particular intention, incompatible with the general intention, the particular intention shall be considered an exception. However, the statute would not exclude evidence of acts committed outside of the six months for a collateral purpose, as, for example, showing the intent with which the acts within the six months were committed. This is the construction which has been put on this provision of the statute by the supreme courts of Michigan and Wisconsin. People v. Donald, 48 Mich. 491, 12 N. W. 669; State v. Cornhauser, 74 Wis. 42, 41 N. W. 959. While the supreme court of Massachusetts seems never to have passed upon the question, yet we are advised by the attorney general of that state that the same construction is universally accepted and acted upon in that jurisdiction.

It would seem from what is said in Commonwealth v. Bennett, 118 Mass. 443, that the ruling in that state, at least at nisi prius, is that, while evidence may be given of any and all acts committed within the six months, yet the defendant can only be convicted of one act of embezzlement, and that it is at least within the discretion of the court to compel the state to elect upon which act it will rely for conviction. In view of the language of the statute as well as the difficulties which it was intended to remove, we are unable to concur in this view. We think its manifest meaning is to allow, as proof of the substantive offense, evidence of all acts of embezzlement from the same employer committed within the six months next after the time stated, and the conviction of the defendant of the embez-

zlement of the whole amount. See Ker v. People, 110 Ill. 627. Such a construction will fully effectuate the purpose of the statute, while it neither works any injustice to the defendant nor impairs his constitutional right[6] "to be informed of the nature and cause of the accusation" against him. He may always, if he desires, apply for a specification of the particular acts relied on by the state, as may be done in other cases where the offense is of a general nature, and the charge is in general terms. Commonwealth v. Bennett, supra.

But the question remains, do the provisions of section 7262 apply to this case? Irrespective of this section, the indictment is sufficient under section 6709, which creates and defines the crime of statutory larceny; and the evidence introduced by the state was admissible under the indictment, irrespective of the provisions of section 7262. In short, the state has not availed itself of the provisions of that section, either as to pleading or proof. Section 7262 is permissive, and not mandatory, in its terms, and was no part of the act (Penal Code of 1885) which created and defined the offense. We are therefore of opinion that, if the prosecution sees fit not to avail itself of the benefits of section 7262, it may do so, and frame its indictment, and introduce its evidence, under the general rule, irrespective of the provisions of that section, including the one as to time. If so, of course it could introduce evidence and secure conviction of only one act of embezzlement as constituting the substantive offense; evidence of other acts being in such case only admissible for the purpose of showing the intent with which the act relied on was committed. While the reasons for the decision are left rather obscure, yet this was all that was decided in State v. New, 22 Minn. 76, for in that case the indictment was good, and the evidence introduced admissible under it, irrespective of the provisions of section 7262. It is also worthy of notice that in People v. Donald, supra, Justice Cooley takes pains to state that the evidence in that case would not support the information as a common-law charge.

2. The defendant introduced evidence of his previous good character. In his charge, the court instructed the jury as follows:

"That [evidence of good character] is a legitimate subject for you to take into consideration, but it goes to this extent only: If an act which the law makes an offense has been actually committed, if you

[6] Const. art. 1, § 6.

are satisfied beyond a reasonable doubt that the prohibited act was committed, it makes no difference what the character of the man is. It is not the subject of your investigation. But if the evidence should leave your minds in such a state that you cannot say that you are satisfied beyond a reasonable doubt, and if you find that the defendant has borne hitherto an unblemished character,—such a character as makes the act inconsistent with his history and standing,—that circumstance should turn the scale in his favor. At such a time the influence of a good character ought to weigh very strongly in behalf of a person accused."

We are unable to see it otherwise than that this instruction was erroneous, and subject to the same objection which was pointed out in State v. Sauer, 38 Minn. 438, 38 N. W. 355, viz. that evidence of good character is only to be considered when the other evidence leaves a reasonable doubt of defendant's guilt in the minds of the jury; in short, that it may be resorted to, to solve such a doubt, but not to establish it. The jury would naturally understand the charge in that way; and the general instructions in other parts of the charge to the effect that, in determining the guilt or innocence of the defendant, the jury should consider all the evidence in the case, did not remedy or neutralize the error.

3. Defendant did not testify as a witness in his own behalf. During his closing argument to the jury, the county attorney referred to the fact that the defendant had not called the cashier or assistant cashier of the bank, who were his nephews, and was thereupon interrupted by one of defendant's attorneys remarking: "God only knows where Charles H. Holmes is; we don't;" whereupon the county attorney, turning upon defendant's attorney with some warmth, remarked, in substance: "You know where the cashier is, and where he has been, and you know the laws of this state permitted the defendant to remain silent, and it would be improper and cowardly for me to comment upon it, and it is not my intention to evade the spirit or the letter of the law." To this remark defendant excepted.

G. S. 1894, § 5658, provides that a person charged with crime shall at his request, but not otherwise, be deemed a competent witness; nor shall the neglect or refusal to testify create any presumption against the defendant; nor shall such neglect be alluded to or commented upon by the prosecuting attorney or by the court. We are not particularly impressed with the wisdom of this last provision,

for every intelligent juror knows that a defendant may testify in his own behalf, and, if he neglects or refuses to do so, every juror will draw his own inferences from the fact, unfavorable to the defendant. But the law is the declared legislative policy, and we are bound to assume that a violation of the statute is prejudicial error. The remark of the county attorney was probably made in the heat of argument, and elicited by the interruption by defendant's counsel; but it was, nevertheless, a clear violation of the law, and was none the less so because addressed rather to the counsel than to the jury, but in their presence and hearing. State v. Pearce, 56 Minn. 226, 57 N. W. 652, 1065.

There are one or two statements in the court's charge, particularly that referred to in the eleventh assignment of error, which, if not positively erroneous, are at least calculated to mislead; but as this was doubtless the result of mere inadvertence, and is not likely to occur on another trial, it is unnecessary to consider them. Neither is it necessary to refer to any of the other assignments of error, except to say that, in our opinion, there was sufficient evidence to justify the jury in finding that the funds of the bank were in the possession, custody, or control of the defendant, within the meaning of the statute; also, that he appropriated the $5,000 to his own use, with criminal intent, within the statutory definition of the crime.

But, for the two errors already referred to, the order appealed from must be, and hereby is, reversed, and a new trial ordered.