STATE v. FRED A. BRIGGS.[1]

November 15, 1901.

Nos. 12,731, 12,732—(18, 19).

**Gambling Device.**

The defendant was convicted upon two separate indictments of the crime of keeping a gambing device, and appealed from the judgments. *Held*:

**Indictment.**

1. Where a party does not personally commit a crime, but procures it to be committed, the indictment may, by virtue of G. S. 1894, § 6310, charge him directly with its commission, as if he personally committed it, or he may be directly charged as a principal by alleging the facts which at common law would make him an accessory before the fact.

**Same—Direct and Certain.**

2. The indictments in these cases charge that the defendant did induce and procure another to keep a gambling device designed to be used in gambling, and they are not open to the objection that they are not direct and certain as to the circumstances of the alleged offense. Nor do they charge two offenses:

**Same—Description of Device.**

3. They sufficiently describe the gambling device by alleging that it is a nickel in the slot machine, a more particular description of which is to the grand jury unknown.

[1] Reported in 87 N. W. 935.

Verdicts.

> 4. In one of the cases the verdict is sustained by the evidence, and the trial court did not err in its instructions to the jury, nor in its refusal to give certain requests to charge made by the defendant. But in the other case it is *held*, upon a consideration of the whole record, that the defendant did not have that temperate and impartial trial which was his due.

Defendant was convicted in the district court for Hennepin county, McGee, J., upon two indictments charging him with keeping a gambling device. From each of the judgments of conviction, defendant appealed. Judgment in case 12,732 affirmed. Judgment in case 12,731 reversed and new trial granted.

*John H. Steele* and *Brown & Kerr*, for appellant.

*W. B. Douglas*, Attorney General, *C. W. Somerby*, Assistant Attorney General, *F. H. Boardman*, County Attorney, and *Al. J. Smith*, Assistant County Attorney, for the state.

START, C. J.

The defendant was found guilty in each of these cases, in the district court for the county of Hennepin, upon indictments charging him with keeping a gambling device. Judgment was entered upon the verdict in each case, imposing upon him the maximum punishment,—a fine of $200 and imprisonment in the work house for the term of six months; the sentences to be cumulative. A motion was made and denied in each case for a new trial, and the defendant appealed from the judgments. The questions presented for consideration are substantially the same in each case, except as hereinafter stated. To avoid confusion, the first case tried is here designated by its record number in this court, 12,731, and the other case by its number, 12,732. The assignments of error in this last case will be first considered.

1. The first point urged is that the indictment does not charge the defendant with having committed a public offense. The indictment is this:

"Fred Briggs is accused by the grand jury of the county of Hennepin, in the state of Minnesota, by this indictment, of the crime of keeping a gambling device, committed as follows: The said Fred Briggs on the 30th day of March, A. D. 1901, at the

city of Minneapolis, in said Hennepin county, then and there being, did wilfully, unlawfully, wrongfully, and knowingly, incite, move, procure, aid, abet, counsel, hire, command, and induce another, to wit, Fred Erickson, to commit the crime of keeping a gambling device, as hereinafter stated and set forth; and the said Fred Erickson, being then and there incited, moved, procured, aided, abetted, counseled, hired, commanded, and induced by the said Fred Briggs, and by reason of and because so incited, moved, procured, aided, abetted, counseled, hired, commanded, and induced by the said Fred Briggs, did on the said 30th day of March, 1901, at said city of Minneapolis, county and state aforesaid, then and there being, wilfully, unlawfully, wrongfully, and knowingly keep a certain gambling device designed to be used in gambling, commonly known and designated as a 'nickel in the slot machine,' a more particular description of said device being to the grand jury unknown, with intent and for the purpose of inducing and allowing persons to gamble therewith in that certain building known, designated and described as number 409 Central avenue, in said city, county, and state; said building being then and there occupied by and under the control of the said Fred Erickson, and said device being then and there set up and used for the purpose of gambling,—contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Minnesota."

This indictment is based upon G. S. 1894, § 6589, which reads thus:

"Whoever deals cards at the game called 'Faro,' 'Pharo,' or 'Forty-Eight,' whether the same is dealt with fifty-two or any other number of cards, and whoever keeps any gambling device whatever, designed to be used in gambling, shall be punished by fine not exceeding two hundred dollars, or imprisonment in the county jail not exceeding six months, or both."

It is the contention of the defendant that the indictment does not directly charge him with keeping a gambling device, but simply accuses him of the offense in its caption. If the indictment had charged that the defendant did wrongfully and unlawfully keep a gambling device by procuring and inducing another to do so, alleging the facts, it would unquestionably have charged a public offense, even within the technical rules invoked by the defendant. Now, in legal effect, this is just what the indictment does charge, for the distinction between accessories before the

fact and principals is abolished by G. S. 1894, § 6310, which is in these words:

"A person concerned in the commission of a crime, whether he directly commits the act constituting the offense, or aids and abets in its commission, and whether present or absent, and a person who directly or indirectly counsels, commands, induces, or procures another to commit a crime, is a principal and shall be indicted and punished as such."

Where a party does not personally commit a crime, but procures it to be committed by another, the indictment may charge him directly with the commission of the offense, as if he personally committed it, or it may directly charge him as a principal by stating the facts which at common law would make him an accessory before the fact. In either case he is, by virtue of the statute, charged as a principal. State v. Beebe, 17 Minn. 218 (241). The pleader in drafting this indictment adopted the fairer and more truthful course, and directly charged the defendant with doing the acts which the law declares made him a principal, for he is directly charged with inducing and procuring another to commit the crime. The indictment charged the defendant with the commission of a public offense.

2. The further objection is urged to the indictment that, if it charges any public offense, it charges two distinct crimes,—one for keeping a gambling device designed to be used in gambling, which is forbidden by G. S. 1894, § 6589, and the other for suffering a gambling device to be set up or used for the purpose of gambling upon premises of which he had control, which is prohibited by section 6591. The indictment negatives the fact, necessarily assumed by this objection, that the defendant had any control of the place where the gambling device was used. It states only one offense; that is, keeping a gambling device. But, were it otherwise, the defendant waived the objection by not demurring to the indictment. G. S. 1894, §§ 7293–7301; State v. Henn, 39 Minn. 464, 40 N. W. 564.

3. The last objection made to the indictment is that the alleged gambling device is not sufficiently described, because it does not appear that it is a device similar to cards or gambling tables.

The statute upon which the indictment is predicated declares that "whoever keeps any [not any other] gambling device whatever, designed to be used in gambling" commits a crime. The statute does not attempt to enumerate all of the devices which may be designed for use in gambling. It would be unwise, if not impossible, to do so; for the ingenuity of sharpers who are too lazy or too depraved to work at any useful or decent occupation is producing, faster than the legislature can anticipate and enumerate them, new schemes and devices to be used for gambling and entrapping the poor fools who believe that they can get something for nothing by beating a scoundrel at his own game. Hence the legislature has by G. S. 1894, § 6589, prohibited the keeping of any and all gambling devices of every kind designed to be used in gambling, whether they are similar to cards or gaming tables or not.

The indictment charges that the defendant did induce another to keep such a device (naming it), designed to be used for such purpose; and, if the state on the trial of the defendant established this allegation, it would be a reproach to the administration of justice to discharge him because the grand jury were unable particularly to describe the device and how it was operated. The indictment sufficiently described the alleged gambling device. See State v. Gray, 29 Minn. 142, 12 N. W. 455; State v. Wilson, 72 Minn. 522, 75 N. W. 715; and State v. Smith, 82 Minn. 342, 85 N. W. 12.

4. When the state rested its case the defendant offered no evidence, but requested the court to instruct the jury to return a verdict in his favor for the reason that the evidence was not sufficient to justify the submission of the question of his guilt to the jury. The request was refused, and the ruling is here assigned as error. We have considered the evidence with special reference to this alleged error, and have reached the conclusion that the evidence is sufficient not only to justify the submission of the case to the jury, but that it fairly sustains the verdict.

The defendant also requested the court to charge the jury that:

"If the jury find from the evidence in this case that Erickson would have put in this machine in his place, regardless of any-

thing that defendant said to him about it, and that anything defendant may have said to him in no way induced him and had no influence on him in putting in this machine except to call his attention to it, then it will be your duty to acquit the defendant."

The refusal to give this request is assigned as error. It is reasonably clear from the evidence that the request was an abstract proposition, for the reason that there was no evidence to justify the conclusion that Erickson would have put the machine in his place at the time it was received by him except for representations made to him by the defendant. But, this aside, the request was properly refused; for the court fully and fairly instructed the jury to the effect that they must be satisfied beyond a reasonable doubt from the evidence that the defendant did induce Erickson to receive and keep the device, and that it was designed to be used in gambling, or they must acquit the defendant.

The remaining assignments of error have been considered, and found to be clearly without merit. Upon the whole record, we are satisfied that the defendant had a fair trial, and that the judgment appealed from is sustained both by the evidence and the law applicable thereto.

5. There are two questions presented by the record in the other case against the defendant not involved in the case we have been considering. The first question relates to the claim of the defendant that there was a fatal variance between the indictment and the evidence received to support its allegations. In view of the conclusion reached by the court upon the other question, we deem it sufficient to say that we are of the opinion that there was no material variance.

The other question arises upon the defendant's assignment of errors as to certain rulings, orders and remarks of the judge during the course of the trial, which it is claimed were so prejudicial as to deprive him of a fair trial. We are of the opinion that no one of the alleged errors, considered by itself, without reference to the others, would justify the conclusion that the defendant was not accorded a fair trial. But a majority of the court are of the opinion that, considering all of the alleged errors together in

connection with the whole record of the trial, the defendant did not have that temperate and impartial trial which is the right of every man charged with a crime involving his liberty. We deem it not only unnecessary to discuss in detail the errors, for they are not likely to occur on another trial of the action, but also that it is unwise to do so, in view of the fact that we are not agreed on the question whether the errors complained of were such as to entitle the defendant to a new trial.

It is therefore ordered that the judgment in case 12,732 be, and it is hereby, affirmed, and that the cause be remanded to the district court and the judgment executed without unnecessary delay. Ordered, further, that the judgment in case No. 12,731 be, and it is hereby, reversed, and a new trial granted.