# STATE v. KENNETH DOLLIVER.[1]

October 21, 1921.

No. 22,363.

**Criminal law — new trial when defendant did not get fair trial.**

1. Though any one of several errors assigned would not in itself be sufficient ground for the reversal of a conviction in a criminal case, yet, if all of them taken together justify the conclusion that defendant was not accorded a fair trial, he is entitled to a new trial.

**Limitation on character evidence.**

2. The general rule is that character evidence should be confined in point of time to a period antedating the accusation of the defendant.

**Issue of fact for jury irrespective of opinion of court.**

3. In criminal prosecution the defendant has the constitutional right to have the facts determined by the jury uninfluenced by opinions from the bench.

**When character evidence may raise reasonable doubt of guilt.**

4. In such cases defendant has a right to introduce character evidence of moral qualities having a definite relation to the crime with which he is charged, and to have it considered by the jury as a fact in the case which, if established, tends to support the original presumption of innocence with which he is clothed. It may be sufficient of itself to engender a reasonable doubt of guilt.

**Charge to jury error.**

5. An instruction that the "good reputation of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise," is erroneous, and the error is not cured by the further statement that such doubt must arise from all the testimony in the case.

Defendant was indicted by the grand jury of Faribault county charged with the crime of carnal knowledge of a female child under the age of 18 years, tried in the district court for that county before Dean, J., and a jury, and found guilty as charged in the indictment. From

[1]Reported in 184 N. W. 848.

an order denying his motion for a new trial, defendant appealed. Reversed.

*Allen, Seifert & Allen,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Henry J. Frundt,* County Attorney, for respondent.

LEES, C.

Defendant was indicted and convicted of the crime of having carnal knowledge of a girl 16 years of age, and has appealed from an order denying his motion for a new trial.

The complaining witness testified to facts which, if true, established defendant's guilt. He flatly denied the charge. Two witnesses called by the state testified that they had been riding in an automobile with the defendant and the complaining witness during the evening when the offense is alleged to have been committed, and that after they had alighted from the car on their return from the drive the defendant drove away accompanied only by the complaining witness. The act took place shortly thereafter according to her testimony. There was no other evidence bearing directly on the issue as to defendant's guilt or innocence. As part of his defense he offered in evidence an honorable discharge from the United States army some six months prior to the date of the offense charged. Among other things, it set forth that he was in the service from May 26, 1918, to February 3, 1919; that he was in the American Expeditionary Forces in France and participated in the engagements in the Argonne forest in September, 1918, where he received a wound in his right hand. It was certified that his character was excellent and that his services were honest and faithful. With some hesitation the court received the discharge in evidence, saying: "This seems to show that he has a good reputation for fighting, being a good fighter, a good soldier, but this is something entirely different from fighting. * * * It may be admitted though."

It is doubtful whether the discharge was admissible. People v. Eckman, 72 Cal. 582, 14 Pac. 359; Taylor v. State, 120 Ga. 857, 48 S. E. 361. But after it had been received the court took occasion to say in

charging the jury that, although the discharge was an honorable thing to have, "that of itself doesn't give a license to any young man to return and debauch a child or enter a home for the purpose of destroying it." So far as the record shows there was no occasion for such a statement. It was likely not only to overcome pretty effectually any weight the jury might have attached to the discharge as evidence of good character, but also to prejudice the defendant in their eyes as a man capable in the estimation of the court of the base conduct mentioned. If the defendant had no other ground for complaint we should not be inclined to reverse, but there are additional grounds. And the rule is that, where any one of several errors assigned would not in itself be sufficient to warrant a reversal, yet, if all of them taken together justify the conclusion that defendant was not accorded a fair trial, it becomes the duty of this court to reverse. State v. Briggs, 84 Minn. 357, 87 N. W. 935; State v. Almos, 122 Minn. 479, 142 N. W. 801.

Defendant produced several witnesses who testified that his reputation as a moral and law-abiding man was good. His counsel, in examining these witnesses, so framed the questions as to include the period which followed as well as that which preceded his indictment and arrest. Objection being made to such questions, the trial judge inquired whether counsel meant by them to cover defendant's reputation "now after he has been arrested and the case brought to trial?" Being answered in the affirmative the judge said: "The witness may answer the question, although I don't think it is competent." Each of the character witnesses was asked the same question. The county attorney repeatedly objected and the trial judge repeatedly addressd the same question to defendant's counsel and received the same answer, except on one occasion when, according to the record, the answer was "No." Exception being taken to the repetitions of his questions, the trial judge said that as framed by defendant's counsel the questions were not in proper form and added that some of the witnesses had testified that even after defendant's arrest his reputation was good. Counsel then inquired whether the court meant to express an opinion to the contrary and was answered thus: "None whatever, although there is more or less talk about it. I simply called the witnesses' attention to that fact

so that they could be advised of what they were answering. * * * The general rule of character testimony * * * should be up to the commission of the offense, or the arrest, and immediately previous to that."

Defendant took exception and now urges that the effect of the evidence as to defendant's good reputation was destroyed by these and other like questions and remarks of the trial judge. The general rule was correctly stated by the trial judge. 16 C. J. 581; 10 A.L.R. note 2, p. 9. But, since the witnesses were permitted to answer questions framed so broadly as to cover defendant's reputation up to the time of the trial, we cannot approve of the statements from the bench and particularly that there had been more or less talk about defendant's reputation. They tended to counteract the effect the character evidence might have had with the jury, and in criminal prosecutions the defendant has the constitutional right to have the facts determined by the jury uninfluenced by opinions from the bench. State v. Yates, 99 Minn. 461, 109 N. W. 1070. But defendant has a more serious cause for complaint in this connection.

In charging the jury on the subject of the character evidence in the case the court said: "The question of good reputation of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise. Reasonable doubt of guilt must arise from all the testimony in the case." There was no other reference to the subject in the charge and no additional instructions were requested. The instruction given is open to the criticism that it would lead the jury to believe that evidence of good character may not of itself raise a reasonable doubt of guilt. The rule is that in all criminal actions the defendant may introduce evidence showing that he bore in the community where he lived a good reputation for moral qualities having a definite relation to the crime with which he is charged. Such evidence is received on the theory that a person possessing the moral qualities in question, would not be likely to commit the offense charged. It should be considered by the jury with all the other evidence in the case, in determining whether the witnesses who have testified to facts tending to criminate defendant have been mistaken or have testified falsely. 3 Greenleaf, Ev. § 25; People

v. Garbutt, 17 Mich. 9, 97 Am. Dec. 162; Cancemi v. People, 16 N. Y. 501; People v. Elliott, 163 N. Y. 11, 57 N. E. 103; Com. v. Webster, 5 Cush. (Mass.) 295; United States v. Gunnell, 5 Mackey (D. C.) 196, 198; Edington v. United States, 164 U. S. 361, 17 Sup. Ct. 72, 41 L. ed. 467. It is admissible to support the original presumption of innocence. It is a fact in the case that may tend in a greater or less degree to establish innocence. It may be sufficient to establish a reasonable doubt of guilt. State v. Sauer, 38 Minn. 438, 38 N. W. 355; State v. Holmes, 65 Minn. 230, 68 N. W. 11. It goes to the probabilities of defendant's guilt and bears on the general question of guilty or not guilty. State v. Hutchison, 121 Minn. 405, 141 N. W. 483.

A man accused of the crime for which defendant was indicted is as good as convicted in the minds of many men even before he is tried. If he is of good character and if his reputation has hitherto been unblemished, these facts become his chief dependence in meeting and refuting the charge. Evidence thereof is substantive proof strengthening the presumption of innocence with which the law clothes him. True it is to be considered in connection with all the other evidence in the case, but it may be sufficient of itself to raise a reasonable doubt of guilt. Edginton v. United States, supra; People v. Garbutt, supra; Remsen v. People, 43 N. Y. 6, 9; Com. v. Aston, 227 Pa. 106, 75 Atl. 1017. See also A.L.R. 1017, note 7, p. 105; 103 Am. St. note p. 905.

We are of the opinion that the instruction given unduly restricted the effect of the character evidence and to his substantial prejudice deprived defendant of the benefit it would have been to him if the jury had been instructed as to its weight in accordance with the principles above stated. The order denying a new trial is therefore reversed.