STATE v. WILLIAM A. CHISHOLM.[1]

November 6, 1936.

No. 30,774.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Deputy Attorney General, *Ed J. Goff,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for the State.

*William A. Chisholm* and *Miles Selvig,* for defendant.

STONE, JUSTICE.

Upon trial for grand larceny in the second degree, defendant was found guilty. Before sentence he moved for an order in arrest of judgment upon the ground that the information upon which he was tried had not been filed in the proper court within three years after the commission of the offense charged; that is, the motion in arrest invoked the statute of limitations, 2 Mason Minn St. 1927, § 10655. The hearing thereon resulted in an order certifying to this court (2 Mason Minn. St. 1927, § 10756) the following question:

"On the record in the above entitled cause was the information therein found and filed in the proper court within three years after the commission of the offense attempted to be charged therein?"

The information charged defendant with the embezzlement of $200 in money on August 4, 1931. The information was filed in the district court on August 3, 1934.

[1]Reported in 269 N. W. 463.

The argument for defendant insists, in substance, that he was tried for the embezzlement of a check for $200 given him by one Seeley August 1, 1931, and that the proof is that the check was converted to defendant's own use on or before August 3, 1931. The argument is factually deficient because defendant was not charged with embezzlement of the check but with larceny of the proceeds. The evidence for the state shows that he had the check certified by the drawee bank August 3, 1931, and that he deposited it (in a different bank) either later that day or on the fourth. So far there was no wrongdoing. The theft of the proceeds was not consummated until some time thereafter and within the three-year period.

That conclusion stands with no aid from the statutory rule that under the statute (2 Mason Minn. St. 1927, § 10662) the state might show any embezzlement within six months after the date charged in the information and get a conviction therefor. See State v. Holmes, 65 Minn. 230, 68 N. W. 11.

The question certified is answered in the affirmative.