# STATE v. WILLIE MAE DEMMINGS.

246 N. W. 2d 31.

August 27, 1976—No. 46022.

*Daniel R. Shulman,* Legal Redress Committee, Minneapolis Branch NAACP, for appellant.

*Walter J. Duffy, Jr.,* City Attorney, and *Larry F. Cooperman,* Assistant City Attorney, for respondent.

ROGOSHESKE, JUSTICE.

Defendant was found guilty by a Hennepin County Municipal Court jury of simple assault and interfering with police officers in the performance of their duties, Minn. St. 609.22 and 609.50. The trial court stayed imposition of sentence for 1 year pursuant to § 609.135. The sole issue on this appeal from the judgment of conviction is whether the trial court committed prejudicial error when it refused to instruct the jury specifically that it could consider evidence of defendant's good character in determining the probability that defendant committed the acts

charged. We hold that it did; and accordingly we reverse and grant defendant a new trial.

The evidence in this case was conflicting on whether defendant had assaulted and interfered with the policemen. The state's evidence tended to show that defendant had interfered with police and physically attacked them when they lawfully tried to enter her home to search for two robbery suspects they were pursuing. However, defendant denied that she had interfered with the police or assaulted any of them, and a number of eyewitnesses corroborated her testimony. Additionally, a number of eyewitnesses for defendant were permitted to testify to defendant's good character and her reputation for being peaceable and nonviolent.

At the close of the evidence, defendant requested that the trial court specifically instruct the jury that it could consider this character evidence in determining whether there was a reasonable doubt as to defendant's guilt.[1] However, the trial court refused to give this instruction and simply instructed the jury that

---

[1] The proposed jury instruction read as follows: "In this case, you have heard evidence as to the character and reputation of the defendant. In a criminal action such as this one, the defendant may introduce evidence showing that she had in the community where she lived a good reputation for moral qualities having a definite relation to the offenses with which she is charged. Such evidence is received on the theory that a person possessing the moral qualities in question would not be likely to commit the offenses charged. It should be considered by the jury with all the other evidence in the case, in determining whether the prosecution has proved the defendant's guilt beyond a reasonable doubt. Evidence of good character is admissible to support the original presumption of the defendant's innocence. Evidence of good character and reputation is a fact in the case that may tend in a greater or less degree to establish the innocence of the defendant. Such evidence may be sufficient by itself to establish a reasonable doubt of guilt, and, on the basis of character and reputation evidence alone, you may decide that there is a reasonable doubt as to the guilt of the defendant for the offenses charged."

it could consider the character evidence in determining defendant's credibility as a witness.[2]

In Edgington v. United States, 164 U. S. 361, 17 S. Ct. 72, 41 L. ed. 467 (1896), the United States Supreme Court held that a criminal defendant could, without testifying himself, call witnesses to show that his character was such as to make it unlikely that he would be guilty of the crime charged. Specifically, the court stated (164 U. S. 366, 17 S. Ct. 74, 41 L. ed. 471):

"* * * [G]ood character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing."

Although the court in Edgington did not base its holding on the Constitution, the rule "is so deeply imbedded in our jurisprudence as to assume almost constitutional proportions * * *." Advisory Committee's Note to Rule 404(a), Federal Rules of Evidence.

We have long followed this rule in Minnesota. In State v. Sauer, 38 Minn. 438, 440, 38 N. W. 355, 356 (1888), Mr. Justice Mitchell, speaking for the court, wrote:

"* * * Evidence of good character is admissible to support the original presumption of innocence, and is to go to the jury, and be considered by them, in connection with all the other evidence in the case. If they are satisfied of his guilt beyond a reasonable doubt, they must find him guilty, notwithstanding his previous good character; on the other hand, if, after considering all the evidence, (that of good character included,) they have a reasonable doubt, they must acquit. Good character is a fact

---

[2] Specifically, the court instructed: "Evidence of good character has been offered in this case. Such evidence relates to the matter of credibility of a witness, and it should be considered along with the other tests used for determining credibility."

varying greatly in its value, according to the proofs to which it is opposed. Cases may be made out so strong that no proof of character can make them doubtful; while in others the evidence against a person might be such that evidence of good character would produce a reasonable doubt of his guilt. Good character, when proved, is a fact in the case that may tend, in a greater or less degree, to establish innocence; and it is not to be put to one side by the jury in order first to ascertain whether the other evidence, considered by itself, does not establish guilt beyond a reasonable doubt."

In that case, we held that the trial court's instruction had improperly limited the jury's use of the evidence. We have held the same in other cases. See, e. g., State v. Dolliver, 150 Minn. 155, 184 N. W. 848 (1921).

The state contends that the instant case is different and that the rule should be that as long as the trial court does not limit the jury's use of the evidence the defendant does not have cause to complain. This was the view of Mr. Justice Learned Hand, who stated in Nash v. United States, 54 F. 2d 1006, 1007 (2 Cir. 1932), that "evidence of good character is to be used like any other, once it gets before the jury, and the less they are told about the grounds for its admission, or what they shall do with it, the more likely they are to use it sensibly."

We must reject the state's contention that the trial court did not limit the jury's use of the evidence. As we held in State v. Hutchison, 121 Minn. 405, 141 N. W. 483 (1913), it is error to confine the jury's consideration of the character evidence to the question of the credibility of the defendant as a witness. In any event, we do not agree with the state's argument that the less that is said the better. We believe the trial court, when requested, has an obligation in a case such as this to specifically instruct the jury on the proper use of the character evidence. Unless the trial court does so, there is a danger that the jury will simply reject the evidence as an attempt by defendant to gain sympathy,

even though the evidence may be the defendant's chief means of meeting and rejecting the charge.

While there may be cases where the evidence of defendant's guilt is so strong that errors of this kind would not require reversal, this is not such a case.

In reversing, we do not mean to suggest that the trial court on retrial should use the instruction requested by defendant. That instruction would have the effect of overemphasizing the importance of character evidence since it suggests that character evidence by itself may establish a reasonable doubt. A correct instruction would emphasize that the jury should consider the character evidence along with all the other evidence in the case in determining whether they are convinced of defendant's guilt beyond a reasonable doubt. What we said in State v. Sauer, *supra*, and State v. Dolliver, *supra*, should provide the trial court with a sufficient basis for preparing such a proper instruction.

Reversed and remanded for a new trial.