**STATE of Minnesota, Respondent,**

v.

**Roger Allen KING, Appellant.**

**No. 46670.**

Supreme Court of Minnesota.

Feb. 3, 1978.

C. Paul Jones, Public Defender, Philip Marron, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Joseph B. Marshall, Sp. Asst. Atty. Gen., St. Paul, John L. Plattner, County Atty., Walker, for respondent.

PER CURIAM.

Defendant was found guilty by a jury of the charge of burglary with a tool, Minn. St. 609.58, subd. 2(1)(a), and was sentenced by the trial court to a maximum indeterminate term of 20 years in prison and a fine of $3,000. On this appeal from judgment of

conviction, defendant contends that he should receive a new trial because his counsel did not represent him effectively at trial. Alternatively, defendant argues that the case at least should be remanded for resentencing because the trial court abused its discretion in sentencing defendant without benefit of a presentence investigation and because defense counsel did not represent him effectively at the sentencing hearing. We affirm.

At 3 a. m. on September 11, 1975, a Cass Lake police officer interrupted a burglary in progress at a store. He observed two men, one of whom he later identified as defendant, inside the store. They tried to escape; however, within a relatively short time the officer found both men hiding on the roof of a nearby building. In addition to the testimony of the officer, the state also introduced at trial scientific evidence connecting defendant to the burglary.

█ The only evidence introduced by defendant consisted of the testimony of his mother, two sisters, and a girlfriend that he had a reputation for good character. Defendant argues for a new trial on the ground that he was ineffectively represented because defense counsel failed to meet the "reasonably-competent-attorney" standard set forth in *White v. State*, Minn., 248 N.W.2d 281 (1976), pointing to counsel's failure to request an instruction on the jury's use of the character evidence. The record on appeal does not reveal whether counsel's failure to request such an instruction was the result of oversight or the result of trial tactics. In either case, we believe that the evidence of defendant's guilt was so strong that it is extremely unlikely that an instruction on the use of the evidence would have resulted in a different verdict.[1]

█ Defendant's alternative contention is that the case should be remanded for resentencing either on the ground that the trial court abused its discretion in sentencing defendant without a presentence investigation or on the ground that defense counsel did not represent him effectively at the sentencing hearing. The trial court originally ordered a presentence investigation, but after defendant had escaped from custody and had been recaptured, he decided to sentence defendant without a presentence investigation. Under the circumstances, we do not believe that the trial court abused its discretion in sentencing defendant without benefit of a presentence investigation. See, *State v. Schenk*, Minn., 249 N.W.2d 461 (1977). Furthermore, defendant's claim that defense counsel failed to effectively represent him at the sentencing hearing is without merit. Before defendant waived his right of allocution and before defense counsel received an opportunity to speak to the court about the sentence, the court had already made it clear that it intended to impose the maximum sentence under the law and that any request by defense counsel for leniency would be denied. Under the circumstances, defense counsel's failure to explicitly ask for probation or some other form of leniency is understandable.

Affirmed.

---

**1.** In *State v. Demmings*, Minn., 246 N.W.2d 31 (1976), where we reversed for failure to instruct on character evidence, we made it clear that there might be cases where the evidence was so strong that error of this kind would not require reversal. This same principle applies where counsel is responsible for the lack of an appropriate instruction.