**STATE of Minnesota, Respondent,**

**v.**

**Kenneth K. CHAMPION, Appellant.**

**No. C7–86–896.**

Court of Appeals of Minnesota.

Feb. 3, 1987.

Hubert H. Humphrey, III, Atty. Gen., Pamela Converse Zerin, Peterson, Bell,

Converse & Jensen, St. Paul, for respondent.

Kenneth K. Champion, White Bear Lake, pro se.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## MEMORANDUM OPINION

LESLIE, Judge.

Kenneth Champion appeals from judgments of conviction entered against him upon findings of guilty on three petty misdemeanor offenses for speeding, in violation of Minn.Stat. § 169.141.

Champion was arraigned on August 15, 1986 and appeared pro se. He was charged with three counts of speeding. The first occurred on December 10, 1985. He was clocked with stationary radar going 65 in a 55 mile per hour zone. The second and third were determined by aircraft on March 3, 1986 and March 30, 1986. He was clocked at 76 and 71 respectively, both in 55 mile per hour zones. The three matters were tried on May 13, 1986.

## DECISION

The trial court found appellant guilty of three counts of speeding. Appellant argues that in so finding the trial court committed numerous errors which deprived him of a fair trial and denied him due process of law. For example, appellant claims he was denied effective assistance of counsel because the trial court failed to allow his spiritual advisor to represent him. Yet, the State of Minnesota specifically prohibits the practice of law by non-attorneys. Minn.Stat. § 481.02, subd. 1 (1986). Appellant claims he was denied his right to a jury trial. Yet, again, the State of Minnesota has mandated that jury trials are not available in petty misdemeanor cases. Minn.Stat. § 169.89, subd. 2 (1986). Appellant moved to dismiss for failure to produce the corpus delicti. Such a motion clearly has no applicability to the petty misdemeanor of speeding. Champion

also claims the actual speed limit on I–35E was ambiguous. Specifically, Champion points out that the speed limit was 55 *miles per hour,* while the posting reads merely *speed limit 55.* This claim, like the rest of appellant's long list of possible errors, is without merit. A new trial will only be granted if the substantial rights of the defendant have been so violated that it was clear that a defendant was denied a fair trial. *See State v. Carver,* 363 N.W.2d 826, 829 (Minn.Ct.App.1985) *pet. for rev. denied,* (Minn. June 14, 1985). After review of the trial transcript, we find appellant received a fair trial and appellant's claims to be frivolous, without substantial merit and of questionable good faith. In so finding we note and commend the trial court's remarkable patience in systematically and fairly evaluating all of appellant's numerous motions and arguments. The trial court took every reasonable step to ensure appellant a fair trial.

Affirmed.