Thomson, J.,
delivered the opinion of the court.
The plaintiff in error was tried and convicted of larceny of a cow. Outside of the testimony of one Ira Stewart, evidence pointing toward the guilt of the defendant was meager, and insufficient to sustain a verdict of guilty. Stewart testified that he helped the defendant in stealing the cow, and made statements, which, if true, were amply sufficient to convict both of them of larceny. He also testified that he had been convicted and sentenced to the penitentiary for stealing cattle upon the testimony of the defendant. Stewart’s testimony, even on paper, betrays a vindictiveness against the defendant, sufficient to throw doubt upon his statements as consisting of unvarnished facts. The defendant, as a witness for himself, denied all of Stewart’s statements which tended to fasten the charge upon him, and denied his guilt. The court among its other instructions gave the following: “ The court instructs the jury that the witness Ira Stewart is what is known in law as an accomplice ; and that, while it is a rule of law that a person accused of crime may be convicted upon the testimonjr of an accomplice, still, a jury should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all the other evidence in the case, and the jury ought not to convict upon such testimony alone, unless after a careful examination of such testimony they are satisfied beyond a reasonable doubt of its truth and sufficiency to convict, as explained in these instructions, and if you are so satisfied, then you. will find the defendant guilty.”
This instruction was erroneous. It assumed as a fact something which should hkve been left to the jury to determine from the evidence. It stated, without qualification, that Stewart was an accomplice. He could not be an accomplice unless there was a principal. If the defendant was not guilty, Stewart was not an accessory. The statement that Stewart was an accomplice therefore assumed the guilt *460 of the defendant, and its effect must have been pernicious. The caution in the instruction against accepting Stewart’s testimony except upon careful examination, and comparison with the other evidence, did not cure the error. The jury were directed to subject the testimony to examination and comparison to satisfy themselves “ of its truth and sufficiency to convict.” Under the other instructions it was amply sufficient to convict; and from the declaration that Stewart was an accomplice, the jury may very well have concluded that the question of the defendant’s guilt was settled in the mind of the court, and that in its opinion Stewart’s testimony was substantially true. If they accepted the declaration as the court’s conclusion upon the evidence, their own conclusion must have been materially influenced by it. The judgment will be reversed.

Reversed.