## STATE v. KENNETH DOLLIVER.[1]

January 19, 1923.

No. 23,003.

**Charge on effect of evidence of good character of the accused.**

1. The court charged fully and accurately upon the effect of the evidence of good character of the defendant. It charged that it was to be considered with the other evidence; that it might be taken as substantive proof to strengthen the presumption of innocence; and that it might of itself, considered in connection with all the evidence, be sufficient to create a reasonable doubt of guilt. It refused to charge that "it may be sufficient of itself to raise a reasonable doubt." *Held*, not error.

**Charge as to interest of the accused in the result.**

2. The court, after charging relative to the testimony of the prosecutrix, her conduct after the claimed commission of the offense, and the necessity of weighing carefully the proofs in cases of the kind involved, referred to the interest of the defendant, but without disparaging his testimony. *Held*, not error.

[1]Reported in 191 N. W. 594.

**Charge as to character of the prosecutrix.**
    3. There was no reversible error in charging that the character of the prosecutrix, though it was not attacked, was not material; and in adding, in substance, that if the offense was committed it should be so determined regardless of the reputation of the prosecutrix or of the defendant.

**Charge as to effect of verdict upon accused.**
    4. There was no error in charging, as the jury was about to retire, that, as stated in argument to them, the result meant something to the defendant; but that, if he was guilty, the fact that the verdict would make him an outcast, was something with which they had nothing to do.

**Charge not argumentative.**
    5. The charge was not unfair or argumentative.

**Conviction sustained.**
    6. The evidence sustains the verdict of guilty.

After the former appeal reported in 150 Minn. 155, 184 N. W. 848, the case was tried before Dean, J., and a jury which found defendant guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Putnam & Carlson,* for appellant.

*Clifford L. Hilton,* Attorney General, *G. A. Youngquist,* Assistant Attorney General, and *Henry J. Frundt,* County Attorney, for respondent.

DIBELL, J.

The defendant was convicted of crime and appeals from an order denying his motion for a new trial. The case was here before and is reported in 150 Minn. 155, 184 N. W. 848. It was remanded for a new trial.

1. On the former trial the court charged the jury:

"The question of good reputation of the defendant is not of itself a sufficient fact from which a reasonable doubt of guilt may arise. Reasonable doubt of guilt must arise from all the testimony in the case."

There was no other reference to the subject of character evidence in the charge.

On this trial the court charged the jury as follows:

"The defendant has offered testimony that his reputation as a moral and law abiding man in the community where he lives was good at the time of the commission of the offense charged against him, and up to the time of his arrest therefor. Such evidence is received upon the theory that if the defendant possesses such moral qualities he would not be likely to commit the offense with which he is charged. Such evidence should be considered by the jury with all other evidence in the case in determining whether the witnesses who testified to facts tending to criminate him have been mistaken or have testified falsely.

"The defendant at the outset of this trial is presumed to be innocent of the offense with which he is charged, and such evidence of reputation is received to support such original presumption of innocence. Such evidence of reputation was introduced by defendant, and if believed may be taken as substantive proof to strengthen the presumption of innocence with which the law clothes the defendant. It is to be considered in connection with all the other evidence in the case.

"Evidence of good reputation may of itself, when considered in connection with all the evidence in the case, be sufficient to create a reasonable doubt of the guilt of the defendant."

If the words, "when considered in connection with all the evidence in the case," had been omitted, no complaint of inaccuracy could be made.

Again the court charged:

"Evidence of good character is admissible to support the original presumption of innocence, and is to go to the jury and be considered by you in connection with all the other evidence in the case. If you are satisfied of his guilt beyond a reasonable doubt you must find him guilty, notwithstanding his previous good reputation. On the other hand, if, after considering all the evidence, that of good reputation included, you have a reasonable doubt, you must acquit."

In a requested instruction covering character evidence the defendant asked the court to charge as follows:

"It [character evidence] is to be considered with all the other evidence in the case, but it may be sufficient of itself to raise a reasonable doubt of the guilt of the defendant."

Objection is made to the failure of the court to charge directly that character evidence may of itself raise a reasonable doubt. Over and over again the court charged that character evidence was to be considered; but it did not charge that it might be "sufficient of itself to raise a reasonable doubt of the guilt of the defendant."

The case was not reversed on the former appeal because of a failure to charge as just indicated, but because of the giving of a charge in the negative, namely, that character evidence was not of itself sufficient to raise a reasonable doubt of guilt. The charge proposed by the defendant might well enough have been given. It would have avoided the question which now concerns us. It was not error to refuse to so charge. The charge on character evidence was full, followed somewhat closely the opinion on the former appeal, and was sufficient.

2.   We find no error in the charge upon the credibility of the defendant. The court charged as follows:

"There is a conflict in the testimony there. It is for you to determine the truth about this matter, and you are the sole judges of the credibility of the witnesses and the weight that should be given to their testimony. With that the court has nothing to do. You may judge the credibility of a witness by the manner in which he gives his testimony; his demeanor upon the witness stand; the reasonableness or the unreasonableness of his testimony; the interest or lack of interest he may have in the outcome of the case; his means of knowledge as to any fact to which he testified; the feelings he may have for or against the opposing witnesses, or any circumstances tending to shed light upon the truth or falsity of such testimony, and it is for you at last to say what weight you will give to the testimony of any and all witnesses who have testified before you.

"If you believe that any witness has wilfully sworn falsely to any material fact in the case you are at liberty to disbelieve the testimony of that witness in whole or in part, or believe it in part and disbelieve it in part, taking into consideration all the facts and circumstances of the case.

"In determining the weight to be given to the testimony of the different witnesses you may take into account the interest or lack of interest they have in the case; their manner on the stand; the probability or improbability of their testimony; the associations of the parties; the opportunities of the defendant, if any, to commit the crime charged; and take all other circumstances before you which can aid you in weighing the testimony.

"The defendant has testified as a witness in his own behalf and you should weigh his testimony as you weigh that of any other witness. You may consider his interest in the result of the case, his manner, and the probability or improbability of his testimony."

Just prior to this it charged relative to the prosecutrix as follows:

"The court further instructs you that if you find that the testimony of the prosecuting witness is not corroborated, the crime charged requires special scrutiny and a careful weighing of the evidence, and of all the remote and near circumstances and probabilities; that the accusation in this case is one easily made and hard to disprove if the person charged be innocent. It is important that all of the attending circumstances be given such weight in corroborating the truth of the charge and in casting doubt upon the truth of the charge as they are fairly and reasonably entitled to when taken into consideration with all the evidence in the case.

"You are instructed that you may consider the prosecutrix's subsequent conduct as to complaining of the offense or accusing defendant of the offense, and all other like testimony, as to the probability of the commission of defendant of the act charged, and you may also consider the explanation given by the complaining witness in reference to her conduct in not accusing defendant of the crime charged."

At times we have discouraged a specific reference to the credibility of the accused. State v. Pennington, 149 Minn. 109, 182 N. W. 962; State v. Sailor, 130 Minn. 84, 153 N. W. 271. The jury knows his situation without an emphasis of it. The charge did not disparage the defendant's testimony; and it closely followed a specific reference to the testimony of the prosecutrix and her conduct in remaining silent when complaint would be natural and the necessity of carefully considering all the attendant circumstances.

3. In its charge the court said:

"Now, then, the state law which I have just read I will interpret to you as best I may. Every person who shall carnally know and abuse any female child under the age of eighteen years—this is not a bastardy case, and it is immaterial whether or not the complaining witness had, has now, or ever had a good or bad reputation. That has nothing to do with this case. It is whether or not this defendant actually had sexual intercourse with this girl. That is one of the material questions for you to determine in this case, regardless of her former reputation or his."

This portion of the charge might have been omitted. The character of the girl was not attacked. The court doubtless had in mind impressing upon the jury the precise nature of the crime charged. The reference to the reputation of the girl or the defendant had no other meaning that that if the act constituting the crime was found, that determined the issue, regardless of the reputation of either.

4. As the jury was about to retire for deliberation the court said:

"Now, gentlemen, when you retire to the jury room take all of the testimony into consideration; weigh it all carefully. You understand, as stated by counsel, that the result of this case means something to the defendant. Something has been said, was said in argument here, as to—by the—if you returned a verdict of guilty in this case that it would make him an outcast. Gentlemen, you have nothing to do with his being or not being an outcast in this case. If you find that he is guilty, then the act was his own.

You are to determine by your verdict what the facts are, whether he is guilty or not guilty. The question of sympathy doesn't come into this whatever, or ought not to. It is the facts that you are asked to pass upon. What is the truth?"

We cannot hold this portion of the charge error.

5. It is very earnestly and sincerely urged that the charge on the whole was argumentative and that the defendant did not have the fair trial to which he was entitled. This contention we have attentively considered. In cases of this character, as we took occasion to remark on the former appeal, a defendant "is as good as convicted in the minds of many men even before he is tried." It becomes a trial court to keep the jury free of an indication of its own views. The printed record does not to our minds reflect unfairness or a prejudiced presentation of the case to the jury.

6. The evidence sustains the verdict. The substantial facts are stated in the opinion on the former appeal and need not be repeated. In addition there was on the second trial evidence that the young man was with the young woman at the fair grounds during the fair a week before the offense charged. Such evidence was not in the former trial. There is very persuasive evidence, not given at the former trial, that the defendant was working at his auto shop on the evening of September 20 when it is alleged the offense was committed. The jury might have disregarded the story of the girl and taken that of the defendant; but it did not. The story of the girl is far from satisfactory. If the defendant is guilty the girl probably did not tell the whole story. The jury might well enough have declined to find the defendant guilty; but the question of guilt was one of fact, and the consequent responsibility for the verdict rests with the jury.

Order affirmed.

QUINN, J. (dissenting.)
I dissent.