**STATE of Minnesota, Respondent,**

v.

**Lloyd Eugene McCLOUD, Appellant.**

**No. C3–83–1237.**

Court of Appeals of Minnesota.

May 22, 1984.

C. Paul Jones State Public Defender, Jonathan G. Steinberg, Asst. Public Defender, Minneapolis, Fred T. Friedman, Duluth, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., Kevin O'Connell, Asst. County, Atty., Duluth, for respondent.

Considered and decided by LANSING, P.J., FOLEY and LESLIE, JJ., with oral argument waived.

### OPINION

LESLIE, Judge.

Defendant appeals from a conviction of assault in the first degree.

We reverse and remand for a new trial.

## FACTS

Defendant Lloyd McCloud was convicted by a jury of assault in the first degree. At trial the state's witnesses testified defendant attacked and stabbed Ike Young with a knife. Defendant did not deny stabbing Young, but claimed he did so while struggling with Young after Young attacked him. At trial several witnesses testified that Young was the aggressor.

At the conclusion of the trial the trial court gave the jury the instructions on the definition and elements of assault in the first and second degree both orally and in writing:

> As was indicated by one of the attorneys, the Court is going to give you in writing the definition of the crime, as well as the essential elements.

> Now, the fact that I've reduced them to writing and given them to you, the jury, does not mean that this instruction or these instructions are in any way whatsoever anymore important than the other instructions. As I told you, each instruction is just as important as the other.

In chambers, following the instructions, defense counsel objected to giving only the definition of the crime and its elements in writing and not giving the self-defense instruction in writing:

> It was my request of the Court that the Court is going to submit the definitions and elements to the jury in writing. That it also submit to the jury the definition of self-defense. That's my reason for making that request, is that in looking through the definitions and the elements of both these crimes, it appears when you get to the bottom and it does say that if each of these three elements have been proved by proof beyond a reasonable doubt, the Defendant is guilty of assault. And it's without submitting also the defense of self-defense in writing, that it gives them an impression that they can consider those elements without considering whether or not the State has proved that there was not self-defense by proof beyond a reasonable doubt.

The Court then stated that counsel had been informed prior to the instruction that the definitions and elements would be given in writing and that counsel had made no objections at that time. The court went on to state its belief that its cautionary instruction was sufficient to meet defense counsel's concern.

## ISSUE

Did the trial court commit reversible error by giving written instructions to the jury on the definition and elements of the crime and not on the defense of self-defense?

## ANALYSIS

### FAILURE TO GIVE SELF–DEFENSE INSTRUCTION IN WRITING

■ It is clear from the record that a genuine issue of self-defense was raised. It also appears that defense counsel's objection to the instructions was timely even though it was not made before the instructions were given. The state has not challenged the objection as being untimely. Minn.R.Crim.P.Rule 26.03 subd. 18(3) states that objections to instructions may be made up until the time the jury retires. The discussion in chambers indicates that the objection was made following the court's instruction and either just before the jury retired or immediately thereafter. Even assuming the objection was untimely, we are free to consider the claim on appeal "if the error was 'plain error affecting substantial rights' or if the claim relates to error in 'fundamental law' in the jury instructions." *State v. Malaski*, 330 N.W.2d 447, 451 (Minn.1983), citing Minn.R.Evid. 103(d).

Rule 26.03 subd. 18(4) of the Minnesota Rules of Criminal Procedure addresses the giving of written instructions and states in part: "The instructions may be in writing and in the discretion of the court a copy may be taken to the jury room when the jury retires for deliberation." The rule, however, is silent on submitting only a portion of the instructions in writing.

The only Minnesota case discussing this rule is *State v. Swain,* 269 N.W.2d 707 (Minn.1978). The defendant in *Swain* was convicted of first degree murder by a jury. He was also charged with second degree murder. The defense counsel requested that the jury be given written instructions to bring into the jury room. The trial court denied that request and instructed the jury on both murder counts. *Id.* at 712. On appeal the Minnesota Supreme Court ruled that giving written instructions is within the discretion of the trial court. The court went on to state:

> Although we believe that written instructions are to be encouraged as an aid to juries unversed in the law and that fairness may be better insured by giving written instructions, the trial court has not abused its discretion here. This case does not appear significantly more difficult than other homicide cases in which written instructions are not given. We do believe, however, that trial courts should be liberal in giving the jury written instructions in most criminal cases.

*Id.* at 715–6. In a footnote the court said: "In order to avoid undue emphasis on any one instruction, written instructions should, at the request of either party, include all instructions given." *Id.* at 716, n. 13.

U.S. District Judge William W. Schwarzer writes in Schwarzer, *Communicating with Juries: Problems and Remedies,* 69 Calif.L.Rev. 731 (1981) of the growing concern that jury trials, as they are now conducted, cannot be relied upon to produce informed and hence fair verdicts. In that article he stresses that "Instructions are the most prominent aspect of communicating with the jury during the trial." *Id.* at 757. He has these comments on the use of written instructions:

> Whether written instructions will be sent into the jury room is in the trial judge's discretion. Some judges decline to send in the instructions, fearing that the jury will become distracted or bogged down in legal argument, or that it will rely on one instruction to the exclusion of others. The inconvenience of preparing a clean copy is also cited as an objection. But these arguments are overcome by the psycholinguistic experiments ... which confirm the common suspicion that jurors simply cannot remember, let alone master, instructions after having heard them only once. In addition, there is evidence indicating that juries that have been given a copy of the instructions perform more efficiently, engage in more informed deliberations, and feel more confident about their decisions. The mechanical problem of producing a clean copy for the jury can be met by the use of electronic memory typewriters, word processing equipment, and modern copying equipment which permit rapid revision and editing of previously typed texts. (Footnotes omitted.)

*Id.* at 756–7.

In this case, by sending in only a portion of the instructions, counsel for the defendant understandably feared that the jury would rely on one instruction to the exclusion of others. It is also obvious that producing a copy of the instruction on self-defense could have readily been accomplished.

The state contends that failure to give a written instruction on the self-defense issue is harmless error if error at all. It argues the cautionary instruction that the jury give no more weight to the written instructions than to the other instructions is sufficient to reduce any undue emphasis created by giving written copies of the definition and elements.

Cautionary instructions can cure some defects, yet the remedial effect of the oral cautionary instruction is open to question. Mr. Justice Jackson in his concurring opinion in *Krulewitch v. United States,* 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949) put it very bluntly when he said, "the naive assumption that prejudicial effect can be overcome by instructions to the jury ... all practicing lawyers know to be unmitigated fiction." (Cite omitted.) *Id.* at 453, 69 S.Ct. at 723.

In this case the trial court's curative instructions specifically addressed at least

part of defendant's concern. In that sense any prejudice was tempered. The cautionary instruction, however, can be viewed in another sense. The court could be interpreted as giving two conflicting messages to the jury; one as the court states the cautionary instruction and the other as it gives the jury written instructions on only the elements and definition. If the elements and definition are no more important than the other instructions then why bother to give written instructions on only that portion? The cautionary instruction given may mitigate the prejudice. It does not eliminate it.

The right of the defendant to have the jury receive clear and complete instructions in an unambiguous manner is a substantial right. Here, where the issue of self-defense was a genuine issue crucial to the defendant's case, that right was compromised by partial written instructions.

Since this issue is dispositive, we need not consider other issues raised by the appellant. We reverse and remand for a new trial.

## DECISION

The trial court erred in giving written instructions to the jury on the definition and elements of Assault in the First and Second Degree and denying a request for written instructions on the defense of self-defense.

Reversed and remanded for a new trial.