**STATE of Minnesota, Respondent,**

v.

**Gary Richard LOHMEIER, Appellant.**

**No. C7–85–1875.**

Court of Appeals of Minnesota.

July 29, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Paul R. Jennings, David A. Olson, Asst. Co. Attys., Minneapolis, for respondent.

John R. Wylde, Rapoport, Wylde & Hunter, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant Gary Lohmeier was convicted of several charges stemming from a shooting incident outside Occie's Bar in Minneapolis. On appeal he claims the trial court erred in refusing his request to instruct the jury on first-degree manslaughter by not vacating certain assault convictions and in ruling that his prior convictions were admissible for impeachment. He also claims the jury acted unreasonably in rejecting his self-defense claim. We affirm as modified.

## FACTS

Around 9:00 p.m. on December 12, 1984, appellant arrived at Occie's Bar in Minneapolis with a friend, John Kirking. Appellant had a prior felony record and was not supposed to have a gun, but he purchased a gun that night at the bar.

Appellant gave some abandoned raffle tickets to two women at the bar and played pool with Kirking. Testimony conflicted over whether appellant had any further conversation with the women or whether

appellant bumped into some men and got into an argument with them. The men, Fred Swaggert and Chris Anderson, left the bar with appellant and Kirking, and Brad Armstrong, the boyfriend of one of the women appellant gave tickets to, quickly followed. The bouncer, Kevin Sukut, also went out the back door, apparently to throw out a carton of empty bottles.

When they all got outside, there was a confrontation and appellant drew his gun. Meanwhile, Kirking had left. Someone shouted "He's got a gun," and appellant fanned the gun across the group of people and said "Who wants to get it first?" Appellant fired at Brad Armstrong and missed and then shot and hit Swaggert and Anderson. Meanwhile, Sukut moved towards appellant and grabbed for the gun. Armstrong also tried tackling appellant. Sukut was shot and appellant ran out the alley. Appellant was apprehended a few blocks away. The gun was found in a trash can a block from Occie's Bar with five discharged cartridges.

Chris Anderson sustained two gun shot wounds, one to his upper jaw and one to his breast bone. Sukut was shot in the chest and sustained extensive bleeding. All three bullets remain in their bodies. Swaggert died as a result of a single shot to the chest.

At trial, appellant claimed he got into an argument with Swaggert, Anderson, and Armstrong outside in the parking lot. He claimed that, although neither man carried a weapon, he brandished a gun because trouble was starting. He claimed he put the gun away and kept backing up and then started punching at his assailants. According to appellant, Sukut attacked him and then appellant pulled a gun out and fired two shots in the air out of fear. Appellant claimed that his arm was grabbed and he heard a shot from the crowd, and then his gun discharged several times.

The trial court denied appellant's request for a first-degree manslaughter instruction (heat of passion). Appellant was convicted of second-degree murder (felony murder), Minn.Stat. § 609.19(2) (1984) (Swaggert);

first-degree assault, *id.* § 609.221 (Sukut); second-degree assault, *id.* § 609.222 (Sukut); second-degree assault, *id.* § 609.222 (Anderson); and third-degree assault, *id.* § 609.223 (Anderson). Appellant was found not guilty of second degree murder (intentional), *id.* § 609.19 (1) (Swaggert); not guilty of attempted murder in the second degree, *id.* §§ 609.19(1), 609.17 (Sukut); not guilty of attempted murder in the second degree, *id.* §§ 609.19(1), 609.17 (Armstrong); not guilty of assault in the second degree, *id.* § 609.222 (Armstrong); and not guilty of attempted murder in the second degree, *id.* §§ 609.19(1), 609.17 (Anderson).

Appellant was sentenced to presumptive sentences under the guidelines of 233 months for second-degree murder, 60 months for assault in the first degree, 60 months for assault in the second degree, and 36 months for assault in the third degree, all concurrent sentences. Appellant was not sentenced on the other second-degree assault conviction involving Sukut.

## ISSUES

1. Did the trial court err in refusing to instruct the jury on first-degree manslaughter?

2. Does the evidence reasonably support the jury's verdict which rejected appellant's self-defense claim?

3. Is appellant entitled to vacation of two of his convictions and one sentence?

4. Did the trial court abuse its discretion in ruling that appellant could be impeached with evidence of prior convictions?

## ANALYSIS

■ 1. Appellant claims the trial court erred in refusing to instruct on first-degree manslaughter. As the supreme court recently stated:

> The test used in determining whether to submit a lesser-included offense to a jury is whether the evidence provides a rational basis for an acquittal on the offense charged and a conviction on the lesser offense. *State v. Leinweber,* 303 Minn. 414, 422, 228 N.W.2d 120, 125–26

(1975). Thus, "proof of the elements which differentiate the two crimes must be sufficiently in dispute so that a jury" may make this distinction. *State v. Adams*, 295 N.W.2d 527, 532 (Minn.1980). If a trial court were to submit a lesser offense simply because "[a] jury has the power to acquit irrationally in the teeth of overwhelming evidence of guilt," *State v. Patch*, 329 N.W.2d 833, 836 (Minn.1983), it runs the risk that the verdict will be based on sympathy for the defendant rather than on the evidence. *See State v. Dolliver*, 154 Minn. 297, 303, 191 N.W. 594, 596 (1923).

The determination of what, if any, lesser offense to submit to the jury lies within the sound discretion of the trial court, *LaMere v. State*, 278 N.W.2d 552, 558 (Minn.1979); *Leinweber*, 303 Minn. at 421, 228 N.W.2d at 125; but where the evidence warrants an instruction, the trial court must give it. *See State v. Lee*, 282 N.W.2d 896, 900 (Minn.1979). The failure to give an appropriate instruction on lesser offenses is a ground for reversal only if defendant is prejudiced thereby. *See State v. Edwards*, 343 N.W.2d 269, 276 (Minn.1984).

*Bellcourt v. State*, 390 N.W.2d 269 (Minn. 1986).

First-degree manslaughter is committed when one "[i]ntentionally causes the death of another person in the heat of passion provoked by such words or acts of another as would provoke a person of ordinary self-control under like circumstances." Minn. Stat. § 609.20(1). This is a lesser-included offense of felony murder in the second degree. *State v. Galvan*, 374 N.W.2d 269, 271 (Minn.1985).

We have reviewed the record and we conclude that the trial court acted reasonably in rejecting appellant's request. Appellant himself testified that he never intended to shoot or kill anyone. A first-degree manslaughter conviction, however, requires an intent to kill. Appellant was acquitted of second-degree intentional murder, which likewise requires an intent to kill. Further, appellant did not suggest any actions or words which may have provoked him, and the record is devoid of evidence of words or acts sufficient to provoke a person of ordinary self-control under like circumstances. Under these facts, appellant could not have been rationally convicted of first-degree manslaughter while acquitted of second-degree felony or intentional murder.

■ 2. Appellant's theory was that he acted in self-defense and the shooting was accidental. The jury was properly instructed on self-defense and rejected appellant's contention. The State offered the testimony of several witnesses to the events in the parking lot and appellant offered only his own uncorroborated version of the events. The jury reasonably rejected appellant's self-defense claim under Minn.Stat. §§ 609.06 and 609.065 (1984) because the record does not reflect that appellant reasonably retreated or was not the aggressor or provocateur.

■ 3. For shooting Anderson, appellant was convicted of assault in the second degree and sentenced to 60 months. He was also convicted of assault in the third degree and sentenced to 36 months for the same incident. Appellant contends that the third-degree assault conviction and sentence must be vacated under Minn.Stat. §§ 609.04 and 609.035 (1984).

■ Appellant also contends that his second-degree assault conviction of Sukut must be vacated because he was convicted of the greater offense of first-degree assault involving Sukut.

While this issue should have been raised in the trial court, *Ture v. State*, 353 N.W.2d 518, 523 (Minn.1984), no purpose would be served in remanding because appellant's contentions are irrefutable.

■ 4. The trial court ruled that appellant could be impeached by his six prior convictions. The trial court gave a specific cautionary instruction on the limited purpose of the use of the convictions. Under Minn.R.Evid. 609 and *State v. Jones*, 271 N.W.2d 534 (Minn.1978), we find no abuse of discretion here.

### DECISION

The trial court properly allowed appellant's prior convictions for impeachment purposes and the jury acted reasonably in rejecting appellant's self-defense claim. The trial court did not err in refusing appellant's request for an instruction on the first-degree manslaughter. Under Minn. Stat. § 609.04, appellant's conviction for assault in the third degree of Anderson (Count IX) must be vacated and the second-degree assault conviction of Sukut (Count VII) must also be vacated. Appellant's 36–month sentence for third-degree assault of Anderson is also vacated under Minn.Stat. § 609.035. Appellant's concurrent sentences of 233 months for felony murder of Swaggert, 60 months for first-degree assault against Sukut, and 60 months for second-degree assault against Anderson remain unaffected by this disposition.

Affirmed as modified.