STATE of Minnesota, Respondent,

v.

Verdell SHANNON, Appellant.

No. C5-93-1029.

Supreme Court of Minnesota.

April 8, 1994.

John Stuart, State Public Defender, Steven P. Russett, Asst. State Public Defender, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Linda M. Freyer, Asst. Hennepin County Atty., Minneapolis, for respondent.

## OPINION

COYNE, Justice.

Defendant, Verdell Shannon, was tried on a charge of intentional second-degree murder. The trial court agreed to submit second-degree felony murder and first-degree heat-of-passion manslaughter. In his closing statement the prosecutor made a misleading argument on heat-of-passion manslaughter—

which he called "heat of passion murder"—that confused the jury. When the jury, during its deliberations, asked a question indicating that it was confused, the trial court committed plain error of a prejudicial nature in failing to correct the confusion. The jury acquitted defendant of intentional murder but found him guilty of felony murder. Because the jury might appropriately have found defendant guilty only of heat-of-passion manslaughter if the prosecutor had not made a misleading argument and the trial court had corrected the jury's confusion that resulted from it, we reverse defendant's conviction and remand for a new trial.

In *State v. Thunberg*, 492 N.W.2d 534, 537 (Minn.1992), a case out of Hennepin County, the same county in which this case was tried, we ruled that in instructing a jury on heat-of-passion manslaughter, a trial court should follow the words of the statute;[1] adequacy of provocation is to be judged from the perspective of a "person of ordinary self-control under like circumstances," not from the perspective of a "sober person of ordinary self-control under like circumstances."[2]

Our decision in *Thunberg* was filed November 20, 1992. Trial in the instant case commenced on January 25, 1993, two months after *Thunberg* was filed. In his closing argument, in which he urged the jury to find petitioner guilty of the charged offense, intentional murder, the prosecutor, Fred Karasov, made the following statement in support of his argument that defendant did not kill in the heat of passion:

The classic example is, you know, some guy coming home and finding his wife in bed with another man and he just kind of goes crazy and kills that person. That's kind of a classic example of what heat of passion manslaughter is, where they might hold a person less culpable.

[1] A person commits heat-of-passion manslaughter if he or she "intentionally causes the death of another person in the heat of passion provoked by such words or acts of another as would provoke a person of ordinary self-control under like circumstances, provided that the crying of a child does not constitute provocation." Minn. Stat. § 609.20(1) (1992).

[2] We held in *Thunberg* that the trial court's use of the "sober person" standard did not require a new trial because it was doubtful whether the jury even should have been given a heat-of-passion manslaughter instruction and the evidence was such that a reasonable juror could not have determined, even if accurately instructed, that the defendant was guilty only of heat-of-passion manslaughter. 492 N.W.2d at 537–38.

But it's not—the standard is not to look at this case under—from Mr. Shannon's point of view. That's not the way to do it because that's not the reasonable person standard. You don't look at somebody who is high on crack, high on cocaine, high on alcohol, if you even want to believe he was, you don't look at that from that point of view. You look at it as a reasonable person, meaning any one of you, who wasn't on drugs or who wasn't taking alcohol, whatever, would what she did have provoked any of you to have killed her. That's the kind of proof that you would need in order to lower his crime from murder in the second degree intentional murder to heat of passion manslaughter.

This statement was improper in two respects: (a) it is clearly inconsistent with what we said in *Thunberg;* (b) it is an improper argument urging the jurors to decide the case from their own perspective. Defense counsel did not object.

The trial court, in its instructions, simply read the words of the statute, as we said in *Thunberg* a trial court should do.

During its deliberations, the jury, obviously confused (presumably as a result of the prosecutor's misleading statement in closing argument), asked the trial court the following question:

> What do words 'same circumstances' mean? Can they be used to put ourselves in the position of the defendant? Should we assume we are in the same situation and also under the same chemical influence?

Without objection by defense counsel, the trial court responded by stating as follows:

> All right. I have to tell you that the instructions that I have given you, both orally and in writing, state the law and I cannot elaborate further on them. So with that, you will return back to deliberate.

The jury acquitted defendant of the charge of intentional murder but found him guilty of unintentional felony murder. Defendant on appeal argues that if the jury had not been misled or confused as to the meaning of heat-of-passion manslaughter, it might well have found him guilty of heat-of-passion manslaughter and that therefore he should be given a new trial.

The court of appeals, in its unpublished decision, affirmed, pointing to defense counsel's failure to object. *State v. Shannon,* Case No. C5–93–1029, 1994 WL 1115 (Minn. App., Jan. 4, 1994).

The state, while relying on defense counsel's failure to object, also argues in effect that defendant does not have a right to complain because he was not even entitled to have heat-of-passion manslaughter submitted. This argument is really two arguments: (a) that if a defendant claims the killing was an accident or otherwise unintentional, then the trial court should not submit heat-of-passion manslaughter, because the statute refers to *intentional* killing in the heat of passion; (b) that as a matter of law, the circumstances in this case would not provoke a person of ordinary self control to kill.

The state finds support for the first argument in *State v. Lohmeier,* 390 N.W.2d 882, 885 (Minn.App.1986), *pet. for rev. denied* (Minn., Oct. 29, 1986), where the court of appeals erroneously implied that the defendant's testimony that he did not intend to kill the victim precluded an instruction on heat-of-passion manslaughter. That implication, however, is directly contrary to what Justice Rogosheske said in the leading case of *State v. Leinweber,* 303 Minn. 414, 417–19, 228 N.W.2d 120, 123–24 (1975) (emphasis added):

> [O]ur reading of the record compels the conclusion that an instruction pursuant to defense counsel's request on first-degree manslaughter should also have been submitted. The court's refusal to do so failed to properly recognize, in this unwitnessed shooting, the jury's task of reconstructing what actually occurred prior to and at the time of the shooting. In doing so, the jury was at liberty to credit or reject not only any part of defendant's testimony but also any other testimony, including that presented by the state. Thus, *the mere fact that defendant's testimony repudiated a heat-of-passion shooting did not preclude the jury from finding the facts supporting a conclusion that the shooting death was neither deliberate nor accidental but some lesser degree of homicide.* It is probable

that the jury may have concluded that the lesser degrees submitted did not fit its reconstruction of the facts of the tragedy because the jury, after requesting a "written" explanation of the difference in the degrees of homicide and being orally reinstructed in response, spent some 19 or 20 hours deliberating. The jury might reasonably have inferred from the testimony and circumstantial evidence that this was a marriage under increasing emotional strain, resulting in anger and frustration on the part of both deceased and defendant as reflected in their habitual arguing when living together and in their correspondence when defendant was away from home. [Summary of evidence.] From this and other testimony, the jury might reasonably have inferred that defendant, frustrated and desperate about the apparently imminent breakup of his marriage, intentionally shot his wife in the heat of passion aroused by bitter domestic argument. Where such inferences are supported by the evidence, it was prejudicial error to deny the requested instruction on first-degree manslaughter and a new trial must be ordered.

■ In the instant case the defendant and the victim, his girlfriend, were both users and abusers of alcohol and crack cocaine. They got involved in a domestic dispute while under the influence of both substances. The victim repeatedly turned up the volume on defendant's stereo, and he kept turning it down because he did not want her to ruin his equipment and he did not want a neighbor to call the police. The dispute escalated to a physical altercation in which apparently both the victim and defendant participated (as evinced by scratch marks found on defendant's body after he was arrested). Defendant claimed in his testimony that his memory was hazy and that he was not exactly sure what he did. He did not think he choked the victim to death during the dispute but he admitted that he might have done so. We believe that this is the kind of case in which it is appropriate to submit heat-of-passion manslaughter, as the trial court did. *Leinweber, supra,* supports this conclusion.

 The ultimate question, then, is whether we should grant relief to defendant despite his counsel's failure to object. Applying the general rule that absent objection only plain error will be reviewed on appeal, the court of appeals denied relief. We have decided, however, that in this case the defendant should be granted a new trial. In all probability the improper, misleading, and confusing argument of the experienced prosecutor, who knew or should have recognized its impropriety, created the confusion that the trial court declined to correct. Satisfied that the error constitutes plain error of a prejudicial nature, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded for a new trial.