**STATE of Minnesota, Respondent,**

v.

**Marlon Rockshawn GREEN, Appellant.**

No. C1-94-2642.

Court of Appeals of Minnesota.

Oct. 3, 1995.

Review Granted Nov. 15, 1995.

Hubert H. Humphrey, III, Attorney General, St. Paul, Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, for Respondent State.

Richard Leroy, William Gatton, Legal Rights Center, Inc., Minneapolis, for Appellant Marlon Rockshawn Green.

Considered and decided by RANDALL, P.J., and NORTON and DAVIES, JJ.

## OPINION

RANDALL, Judge.

Marlon Green appeals from his conviction for second degree murder. He argues the trial court's failure specifically to instruct the jury that the state had to prove beyond a reasonable doubt he did not act in the heat of passion violated his constitutional rights, and was in violation of state law. We reverse and remand for a new trial.

## FACTS

In February 1993, Marlon Green was at a house party with his mother and his friends Tim and Essence. Green, Tim and Essence were in the living room when the victim, Laramuin Byrd, walked by. The victim wore his hat at an aggressive angle, made aggressive faces, and "threw gang signs" at Green and others. Green's mother asked Robert Fields, the man giving the party, to intervene in the situation between Green and the victim.

Even after Fields intervened, the victim started dancing with Green's mother and continued to throw gang signs at Green behind her back. Green testified he ignored the victim. After Green's mother left the house, the victim said to Green, "I'm going to f—— your mom, I'm going to rip her clothes

off * * * tie her up with electrical cords, f—— her in front of you, and slit her throat." Tim slapped a gun in Green's hand and Green shot the victim. Green testified he could not remember anything after firing the first shot. There was testimony that Green left the house, and then returned to shoot the victim again as he lay on the floor.

Green was indicted on one count of first degree murder and one count of second degree murder. At the close of the state's case, the trial court granted Green's motion for acquittal on the first degree murder charge. The case was submitted to the jury on the second degree murder charge and first degree manslaughter. Green's theory of the case was that he acted in the heat of passion.

The trial court read the instructions for second degree murder, and also first degree manslaughter when that crime is charged as the primary crime. Green did not object to the instructions before the jury was charged. The jury deliberated and returned a verdict of guilty on the count for second degree murder.

After the verdict was read, Green made a motion for a new trial, arguing the trial court erred by failing specifically to instruct the jury that the state had to prove beyond a reasonable doubt that Green did not act in the heat of passion. Green's counsel stated he had objected to the absence of this jury instruction in chambers and off the record. The trial court denied Green's motion for a new trial and this appeal followed.

## ISSUES

1. Did Green waive the jury instruction issue by failing to object on the record before the jury was charged?

2. Does the trial court's failure specifically to instruct the jury that the state had to prove beyond a reasonable doubt that Green did not act in the heat of passion require a new trial?

## ANALYSIS

*1. Waiver*

The state argues Green waived any issue regarding jury instructions because his attor-

ney did not object before the jury was charged. Generally, a defendant must object before the jury is charged to preserve an objection for appeal. Minn.R.Crim.P. 26.03, subd. 18(3); *State v. Knaak*, 396 N.W.2d 684, 688 (Minn.App.1986).

■ Even if a defendant does not timely object to jury instructions, the issue (like certain others) may be preserved for appeal if it involves matters of fundamental law. A reviewing court can reverse if the instructions were misleading or confusing on fundamental points of law such as burden of proof and presumption of innocence. *State v. Butler*, 295 N.W.2d 658, 659 (Minn.1980), *accord* Minn.R.Crim.P. 26.03, subd. 18(3) (stating that an error in the instructions with respect to fundamental law may be objected to in a motion for a new trial even if there was no prior objection).

■ Here, defense counsel did not object on the record before the jury was charged, even though there was opportunity to do so. The error about which Green complains, however, is fundamental law (the state's burden of proof) and may be assigned as error in a motion for a new trial. Minn.R.Crim.P. 26.03, subd. 18(3); *Butler*, 295 N.W.2d at 659.[1]

**2. Jury Instructions**

■ In criminal prosecutions, the state must prove beyond a reasonable doubt every element of the crime charged against the defendant. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Due process requires the prosecution to prove beyond a reasonable doubt the absence of heat of passion or sudden provocation when the issue is properly presented in a homicide case. *Mullaney v. Wilbur*, 421 U.S. 684, 704, 95 S.Ct. 1881, 1892, 44 L.Ed.2d 508 (1975).[2] The presence or absence of heat of passion has been, "almost from the inception of the common law of homicide, the single most important factor in determining the degree of culpability attaching to an unlawful homicide." *Id.* at 696, 95 S.Ct. at 1888.

■ Green argues the trial court's instructions violated the Due Process Clause of the Fourteenth Amendment in the federal Constitution and also state law. Because we conclude the trial court's failure specifically to instruct the jury on the state's burden of proof on the element of heat of passion violated state law, we need not reach the issue of whether the instructions violated the Due Process Clause. Courts generally do not decide constitutional questions unless neces-

---

1. Had this issue not been one of fundamental law, defendant would have waived the issue by failing to object. Minn.R.Crim.P. 26.03, subd. 18(3); *Knaak*, 396 N.W.2d at 688. We remind the defense bar of the difficult burden faced in presenting an issue on appeal on jury instructions to which they have acquiesced.

2. *Mullaney* discussed the state of Maine's heat of passion statute. In that case the defendant was required under state law to prove heat of passion by a fair preponderance of the evidence. *Mullaney*, 421 U.S. at 691–92, 95 S.Ct. at 1886. The Supreme Court held that Maine's heat of passion statute violated due process. *Id.* at 703, 95 S.Ct. at 1892.

The reach of *Mullaney* was limited by *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977) and *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986). *Patterson* held that the state of New York's extreme emotional disturbance statute, which required the defendant to prove extreme emotional disturbance by a preponderance of the evidence, did not offend due process. *Patterson*, 432 U.S. at 206–07, 97 S.Ct. at 2325. The Court held that the state was not required to "prove

beyond a reasonable doubt every fact * * * affecting the degree of culpability or the severity of the punishment." *Id.* at 207, 97 S.Ct. at 2325.

In *McMillan*, the Supreme Court upheld a Pennsylvania statute under which a defendant would be subject to a mandatory minimum sentence of five years if the sentencing judge found the convicted person "visibly possessed a firearm." *McMillan*, 477 U.S. at 85–86, 106 S.Ct. at 2416. Under the statute, visible possession of a firearm was not an element of the crime but instead a sentencing factor. *Id.*

Under Minnesota's definition of second degree murder and first degree manslaughter, the existence of heat of passion is a fact the state must disprove beyond a reasonable doubt when second degree murder is charged as the principal crime. *Compare* Minn.Stat. § 609.19(1) (second degree murder) *with* Minn.Stat. § 609.20(1) (first degree manslaughter) (1992), *accord* 10 *Minnesota Practice*, CRIMJIG 11.14 (Supp.1995) (stating the instructions for second degree murder when the facts raise the issue of heat of passion). Therefore, *Patterson* and *McMillan* would not apply to this case.

sary, and will instead adopt an available alternative ground of decision. *See State v. One Oldsmobile Two–Door Sedan, Model 1946,* 227 Minn. 280, 288, 35 N.W.2d 525, 530 (1948) (stating court would adopt alternative ground of decision rather than decide constitutionality of statute).

 A trial court has a certain degree of latitude in the selection of language in the jury charge. *State v. Gray,* 456 N.W.2d 251, 258 (Minn.1990). In construing a charge to the jury, the jury instructions must be viewed as a whole to determine whether they fairly explain the law of the case. *State v. Flores,* 418 N.W.2d 150, 155 (Minn.1988). The defendant in a criminal case has a right to have the jury receive clear and complete instructions in an unambiguous manner. *State v. McCloud,* 349 N.W.2d 590, 593 (Minn.App.1984). In charging the jury, the trial court must state all matters of law that are necessary for the jury's information in rendering its verdict. Minn.R.Crim.P. 26.03, subd. 18(5).

A person commits heat of passion manslaughter if he or she "intentionally causes the death of another person in the heat of passion provoked by such words or acts of another as would provoke a person of ordinary self-control under like circumstances * * *." Minn.Stat. § 609.20(1) (1992). When the evidence raises the question of whether the accused acted in the heat of passion so as to allow a jury to consider the crime of manslaughter in the first degree, the trial court should instruct the jury with the following element:

*Fourth, defendant did not act in the heat of passion provoked by such words or acts as would provoke a person of ordinary self-control in like circumstances.* Even if defendant acted with intent to kill _____, if the defendant acted in the heat of passion the defendant is not guilty of murder in the second degree. However, such heat of passion is not an excuse for the killing of another person. The heat of passion may cloud reason and weaken willpower, and this is a circumstance which the law considers in fixing the degree of the crime. If the heat of passion is provoked by words or acts which would provoke a person of ordinary self-control in the same circumstances, the law provides that an intentional killing is manslaughter in the first degree.

\* \* \* \* \* \*

If you find that each of these five elements has been proved beyond a reasonable doubt, defendant is guilty of murder in the second degree. *If you find that each of these elements has been proved beyond a reasonable doubt except that you find that it has not been proved that defendant did not act in the heat of passion, defendant is guilty of manslaughter in the first degree.* If you find that any other elements has not been proven beyond a reasonable doubt, defendant is not guilty of murder in the second degree or of manslaughter in the first degree.

10 *Minnesota Practice,* CRIMJIG 11.14 (Supp.1995) (emphasis added). The trial court did not read CRIMJIG 11.14 to the jury.[3] The trial court failed to specifically

---

**3.** Instead the trial court gave the following instructions for second degree murder, combining CRIMJIG 11.12 and 11.13:

> The elements of murder in the second degree are, first, the death of Laramuin Lamont Byrd, also known as Lamont Mays, must be proven.
> Second, defendant caused the death of Laramuin Lamont Byrd, also known as Lamont Mays.
> Third, defendant acted with intent to kill Laramuin Lamont Byrd, also known as Lamont Mays. In order to find Defendant had an intent to kill, you must find defendant acted with a purpose of causing death or believed that the act would have that result. Intent, being a process of the mind, is not always susceptible to proof by direct evidence, but

may be inferred from all the circumstances surrounding the event. It is not necessary that defendant's act be premeditated.
> Fourth, defendant's act took place on February 12 of 1993 in Hennepin County.
> If you find that each of these four elements has been proven beyond a reasonable doubt, defendant is guilty of murder in the second degree. If you find that any of these elements has not been proven, defendant is not guilty of murder in the second degree.

The trial court also read the instructions for first degree manslaughter when that crime is charged as the primary crime, combining CRIMJIG 11.19 and 11.20.

> The statutes of Minnesota provide that whoever intentionally causes the death of a human being in the heat of passion provoked by such

instruct the jury on those essential portions of CRIMJIG 11.14 herein emphasized.

■ When instructing a jury on heat-of-passion manslaughter, a trial court should follow the words of the statute. *State v. Shannon*, 514 N.W.2d 790, 791 (Minn.1994). The supreme court has held that a trial court erred in altering the CRIMJIG heat of passion language to state "reasonable *sober* person of ordinary self-control under like circumstances" rather than "a person of ordinary self-control under like circumstances." *State v. Thunberg*, 492 N.W.2d 534, 536–37 (Minn.1992) (emphasis added). According to the supreme court, the trial court's altering the CRIMJIG language amounted to legislating from the bench. *Id.* at 537. The court stated: "we believe that the trial court should not depart from the wording of the statute—*i.e.*, should follow the recommended CRIMJIG language." *Id.* The supreme court cited *Thunberg* recently, stating,

> In *State v. Thunberg*, 492 N.W.2d 534, 537 (Minn.1992), a case out of Hennepin County, the same county in which this case was tried, we ruled that in instructing a jury on heat-of-passion manslaughter, a trial court should follow the words of the statute * * *.

*Shannon*, 514 N.W.2d at 791.

■ Here, Green's theory of the case was that he acted in the heat of passion. His testimony regarding the victim's actions and the victim's words concerning Green's mother fairly raised the issue. Green was entitled to have the trial court give the heat of pas-

sion instruction to the jury. We conclude the trial court erred in departing from the CRIMJIG language.

The state cites *State v. Jones*, 347 N.W.2d 796, 801–02 (Minn.1984) for the proposition that where the jury instructions are clear, the lack of a more specific instruction is not error. *Jones* does not cover Green's fact situation. In *Jones*, the trial court did not instruct the jury that if they found heat of passion, they could not find first degree murder. *Id.* at 801–02. The defendant there did not argue the trial court failed to instruct the jury regarding the state's burden of proof on heat of passion. Further, here the instructions were unclear on whether the burden remained on the state to disprove heat of passion, or whether the burden shifted to Green to show he did act in the heat of passion.

The state also cites *State v. Persitz*, 518 N.W.2d 843, 849 (Minn.1994) for the proposition that the reviewing court can consider the defense counsel's closing argument in determining whether the jury instructions were adequate. In *Persitz*, the trial court refused to give a lengthy jury instruction that the defendant proposed. The proposed instruction was "a blend of facts and law that would have, if given, amounted to a court-sponsored closing argument." *Id.* Because the trial court here did not instruct the jury on the state's burden of proof, rather than a lengthy fact-laden instruction, *Persitz* is distinguishable.

The state cites *State v. Daniels*, 361 N.W.2d 819, 832 (Minn.1985) for the same

words or acts of another as would provoke a person of ordinary self-control under like circumstances is guilty of manslaughter in the first degree.

The elements of manslaughter in the first degree are, first, the death of Laramuin Lamont Byrd, also known as Lamont Mays, must be proven.

Second, defendant caused the death of Laramuin Lamont Byrd, also known as Lamont Mays.

Third, defendant acted with the intent to kill Laramuin Lamont Byrd, also known as Lamont Mays. In order to find defendant had an intent to kill, you must find defendant acted with a purpose of causing death or believed that the act would have that result. Intent, being a process of the mind, it is not always susceptible to proof by direct evidence, but

may be inferred from all the circumstances surrounding the event. It is not necessary that defendant's act be premeditated.

It is not an excuse that a killing is committed by a person in the heat of passion provoked by words or acts such as would provoke a person of ordinary self-control in like circumstances. The heat of passion may cloud a person's reason and weaken willpower, and is a circumstance which the law considers in fixing the crime as manslaughter rather than murder.

Fourth, defendant's act took place on February 12th, 1993, in Hennepin County.

If you find that each of these four elements has been proven beyond a reasonable doubt, defendant is guilty of manslaughter in the first degree. If you find that any of these elements has not been so proven, defendant is not guilty of manslaughter in the first degree.

proposition with respect to the attorneys' closing arguments. In *Daniels*, the defendant argued the trial court erred in refusing to give certain proposed instructions, which the trial court said it already covered in substance. *Id.* *Daniels* is distinguishable because the trial court's instructions covered the substance of the defendant's requested instructions. Here, the jury instructions omitted essential language from CRIMJIG 11.14. The omission here made the instructions misleading.

Green's only theory was that he was not guilty of second degree murder, but instead guilty of first degree manslaughter, because he acted in the heat of passion. The state's burden to prove beyond a reasonable doubt that Green did not act in the heat of passion is Green's entire case. The trial court's failure specifically to instruct the jury on the state's burden of proof was far more significant than the omissions in the cases cited by the state.

The trial court erred by failing specifically to instruct the jury that the state had the burden to prove beyond a reasonable doubt that Green did not act in the heat of passion. The next issue is whether the error requires a new trial. We conclude it does.

■■■ The jury instructions were misleading by omission. The jury could well have believed Green had some affirmative burden of proof to show he acted in the heat of passion. This result is demonstrably unfair. As stated in *Mullaney*, "it is far worse to sentence one guilty only of manslaughter as a murderer than to sentence a murderer for the lesser crime of manslaughter." *Mullaney*, 421 U.S. at 703–04, 95 S.Ct. at 1892.

The state argues the trial court's failure specifically to instruct the jury on the state's

burden of proof is harmless error. We just disagree. The state cites case law from the supreme court on self-defense jury instructions that hold, on the facts of those cases, that it was not reversible error for the trial courts to fail specifically to instruct the jury that the state had the burden to prove beyond a reasonable doubt that the defendants did not act in self-defense. *See State v. Perkins*, 353 N.W.2d 557, 562 (Minn.1984); *State v. Kutchara*, 350 N.W.2d 924, 927 (Minn.1984); *State v. King*, 287 N.W.2d 636, 637 (Minn.1979).

In *Perkins*, the trial court inadvertently failed to instruct the jury that the state had the burden of proving that the defendant did not act in self-defense. *Perkins*, 353 N.W.2d at 562. The supreme court held that the trial court erred, but that the error was not prejudicial because the instructions did state that the defendant was not required to prove anything and that the burden of proof was on the state. *Id.* The supreme court *also noted* that the defendant's self-defense claim was weak and that arguably the jury would have found him guilty even if they believed his testimony. *Id.*

In both *Kutchara* and *King*, the trial court stated that the defendant was not required to prove anything and that the burden of proof was on the state. *Kutchara*, 350 N.W.2d at 928; *King*, 287 N.W.2d at 637. In *King*, the supreme court noted that "the evidence was overwhelming that defendant did not act in self-defense." *King*, 287 N.W.2d at 637. On the specific facts of this case, unlike *Perkins* and *King*, there is not overwhelming evidence that the words and actions of the victim could never be considered by a reasonable jury to provide the provocation needed as the basis for a verdict of manslaughter in the first degree.[4]

4. The trial court gave the following general instructions:

The defendant is presumed to be innocent of the charge made against him, and that presumption remains with him unless and until he has been proved guilty of the charge beyond a reasonable doubt. The burden of proving guilt is on the state, and the defendant does not have to prove his innocence.

\* \* \* \* \* \*

The law provides that upon the prosecution of a person for a crime, if the person is not

guilty of that crime, the person may be guilty of a lesser crime.

The lesser crime in this case is manslaughter in the first degree.

You are instructed that the presumption of innocence and requirement of proof beyond a reasonable doubt apply to these lesser crimes. If you find beyond a reasonable doubt that defendant has committed a crime, but you have a reasonable doubt which crime has been committed, the defendant is guilty of the lesser crime only.

The issue of whether Green acted in the heat of passion comes down to the jury's weighing of credibility. If the jury believed Green's testimony, the jury could find Green acted in the heat of passion. The jury instructions did not clearly define where the requisite burden of proof on this issue belonged. The instructions did not specifically state that the prosecution had to prove beyond a reasonable doubt that Green did not act in the heat of passion.

The error was prejudicial and a new trial is necessary.

## DECISION

The issue of whether the trial court erred in its instructions in this case is one of fundamental law. Green did not waive this issue by failing to object to the instructions on the record before the jury was charged. On these facts the trial court erred in departing from the language of CRIMJIG 11.14. The error was prejudicial.

**Reversed and remanded for trial.**